DANIEL, J.
 

 Tarkington (under whom both parties claimed) conveyed to Armstrong; and described the land in the deed by calling for course and distance. There is no line of marked trees called for in the deed with the-course and distance. The Court permitted parol evidence to be offered by the defendant, to prove that a marked line of trees, not called for or mentioned in the deed, was the true boundary of the land conveyed, although varying from the written calls of course and distance, (the only calls mentioned in the deed.) This was not correct. Course and distance mentioned in deeds must be observed, except when natural boundaries ar© called for and shown, or where marked lines and corners can be proved., which were made at the origina.! survey for
 
 *238
 
 a grant,
 
 Bradford
 
 v.
 
 Hill,
 
 1 Hay. 22. The Court charged the jury, that if the marked line insisted on by the defendant was marked by the parties at the execution of the deed from Tarkington to Armstrong, as the boundary of the land conveyed, the parties were bound by it, notwithstanding the variance from the course called for in the deed. We do- not concur in this charge. The pine stump at the beginning of the line was ascertained ; and so was the beech stump, at the termination of the said line. The call in the deed, was for a line, S. 55, E. 114 poles to the beech. In
 
 liovgh
 
 v.
 
 Horn, 4
 
 Dev. & Bat. 228, this Coui’t said, where a grant called for a certain eour’se. from one corner to another, without saying by a line of marked trees, and
 
 the corners are both
 
 established, the direct line from the one corner to the other is the boundary, although there may be a line of marked trees between the corners, but varying in some places from the direct line. This being the law, the charge of his Honor was wrong, and there must be a new trial. The old cases of
 
 Bradford
 
 v.
 
 Hill
 
 and
 
 Perron
 
 v.
 
 Roundtree,
 
 and others of that kind, went much on the material circumstances, that the surveyingxand the returns of it and the plat sent to the Secretary’s office, and the filling up of the grant, were the acts of public officers, whose mistakes it was hard to allow to prejudice the rights of the party; and, especially as the law requires the plat and description of the land to be annexed to the grant, and so they could be referred to in aid of the construction.
 

 Per Curiam, New trial awarded.