STATE *v.* RICHARD OLIVER.

The doctrine of years ago, that a husband had the right to whip his wife, *provided,* he used a switch no larger than his thumb, no longer governs the decisions of our Courts: and the opinion, more in accordance with our present civilization, that a husband has no legal right to chastise his wife under any circumstances, prevails.

INDICTMENT, for an Assault and Battery, tried before his Honor, *Judge Mitchell,* at the Fall Term, 1873, of ALEXANDER Superior Court.

On the trial, the jury found the following facts:

Defendant came home intoxicated one morning after breakfast was over ; got some raw bacon, said it had skippers on it, and told his wife she would not clean it.    He sat down and

eat a little, when he threw the coffee cup and pot into the corner of the room, and went out; while out, he cut two switches, brought them in, and throwing them on the floor, told his wife that if he whipped her, she would leave; that he was going to whip her, for she and her d—d mother had aggravated him near to death. He then struck her five licks with the two switches, which were about four feet long, with the branches on them, about half way, and some leaves. One of the switches was about half as large as a man's little finger, the other not so large. He had them in both hands, and inflicted bruises on her arm, which remained for two weeks, but did not disable her from work.

One of the witnesses swore he struck as hard as he could. Others were present, and after defendant had struck four licks, told him to desist. Defendant stopped, saying if they had not been there he would have worn her out.

Upon these facts the Court found defendant guilty, and fined him $10. Defendant appealed.

*Armfield*, for defendant.

*Attorney General Hargrove*, for the State, called the attention of the Court to the cases of *State* v. *Black*, Winst. 266; *Mabry's case*, 64 N. C. Rep., 592; *State* v. *Rhodes*, Phill. 453; *Hussey's case*, Busb. 123, and *Pendergrass*, 2 Dev. & Bat. 365.

SETTLE, J. We may assume that the old doctrine, that a husband had a right to whip his wife, provided he used a switch no larger than his thumb, is not law in North Carolina. Indeed, the Courts have advanced from that barbarism until they have reached the position, that the husband has no right to chastise his wife, under any circumstances.

But from motives of public policy,—in order to preserve the sanctity of the domestic circle, the Courts will not listen to trivial complaints.

If no permanent injury has been inflicted, nor malice, cruelty nor dangerous violence shown by the husband, it is better

to draw the curtain, shut out the public gaze, and leave the parties to forget and forgive.

No general rule can be applied, but each case must depend upon the circumstances surrounding it.

Without adverting in detail to the facts established by the special verdict in this case, we think that they show both malice and cruelty.

In fact, it is difficult to conceive how a man, who has promised, upon the altar to love, comfort, honor, and keep a woman, can lay rude and violent hands upon her, without having malice and cruelty in his heart.

Let it be certified that the judgment of the Superior Court is affirmed.

PER CURIAM.                                             Judgment affirmed.