## STATE v. SAMUEL RICE.

### *Indictment — Master and Servant.*

1. The provisions of Bat. Rev. ch. 70, § 1, are confined to the enticing of servants by indenture or by contract in writing.
2. It is no offence at common law to entice an infant from the service of his parent.

INDICTMENT for Misdemeanor, tried at Fall Term, 1876, of ROWAN Superior Court, before *Cloud, J.*

The counsel for the defendant in the Court below moved to quash the bill of indictment, on the ground that the recitals therein did not constitute an indictable offence, either at common law or by statute. His Honor allowed the motion and the Solicitor for the State appealed.

*Mr. W. H. Bailey* and *Attorney General,* for the State.
No counsel for the defendant.

STATE *v.* GRAHAM.

RODMAN, J.   We think the Judge was right in quashing the indictment in this case.

The first count alleges that the defendant enticed Cornelius Correll, a servant of Alexander Correll, from the service of his master, &c. against the form of the statute, &c.

The statute referred to is chapter 70 of Battle's Revisal, and is evidently confined to servants by indenture or by contract in writing.   No such contract is stated in this count, and for that reason it was defective.

All the other counts substantially charge that the defendant enticed the said Cornelius an infant from the service of his father the said Alexander, &c., and conclude at common law.

The learned counsel who represented the Attorney General in this case admitted that he knew of no authority by which the acts charged in these counts were criminal at the common law and we know of none.

There is no error.

PER CURIAM.                                    Judgment affirmed.