STATE v. LAURA DAVIDSON.

*Assault and Battery—Witness—Husband and Wife.*

1. Neither the wife nor the husband is a competent witness against the other upon the trial of an indictment for assault and battery, where no lasting injury is inflicted or threatened.

·2 But where the wife is indicted for assault and battery in striking her husband with an axe, the husband is a competent witness against her.

(*State* v. *Hussey,* Busb. 123 ; *State* v *Rhodes,* Phil. 453 ; *State* v. *Oliver,* 70 N. C. 60, cited, commented on and approved.)

INDICTMENT for Assault and Battery tried at Spring Term, 1877, of MECKLENBURG Superior Court, before *Cloud, J.*

The defendant was indicted for an assault and battery upon her husband. The State introduced the husband as a witness who testified that the defendant struck him with an axe. The defendant objected to this testimony and the opin-

ion of this Court is based upon its competency. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General*, for the State.

*Messrs. Shipp & Bailey*, for the defendant.

FAIRCLOTH, J. In *State* v. *Hussey*, Busb. 123, the principle involved in this case was considered, and it was determined that the wife was not a competent witnesss against her husband for an assault and battery upon her by him where no lasting injury is inflicted, or threatened to be inflicted upon her ; from which it would follow that neither was a competent witness against the other in such cases. *State* v. *Rhodes*, Phil. 453 ; *State* v. *Oliver*, 70 N. C. 60.

In the present case the wife is indicted for an assault and battery upon her husband by striking him with an axe without any sufficient provocation. Is he a competent witness to prove the assault ? The instrument used is a dangerous one, and is a deadly weapon calculated to inflict lasting injury. The use of it indicates malice ; and its character would be considered by a jury upon a question of an assault with intent to kill. We think in such a case the defendant is indictable and *ex necessitate* that the husband is competent, as the wife would be if the assault had been upon her. We think it unnecessary to say more, as it would be substantially a repetition of the reasoning in the cases above cited.

No error.

PER CURIAM.                    Judgment affirmed.