G. C. HOWELL v. EDITH HOWELL AND G. A. BRIGGS.

(Filed 22 May, 1913.)

1. Pleadings—Nonsuit—Averments; How Construed.

Where an action has been dismissed upon the allegations of the complaint, these allegations will be taken as true upon the plaintiff's appeal.

2. Parent and Child — Divorce — Concealment of Child—Abettor—Damages—Pleadings—Cause of Action.

Where a divorce absolute has been obtained by the husband, leaving open the matter of awarding the custody of a minor child, which remained with the wife, the judge of the Superior Court, at the suit of the father, alleging the concealment of the child by the wife and her father, may order the production of the child, if it is within the State, and award its custody; and a civil action for damages will lie against the father of the wife in aiding and abetting her in concealing the child, sending it beyond the borders of the State; and an allegation of the complaint that the defendant procured, aided, assisted, and advised (the wife) in the taking off the child and concealing its whereabouts "causing plaintiff great and agonizing distress both of mind and body," states a good cause of action against the person thus acting.

APPEAL from *Adams, J.,* at March Term, 1909, of YANCEY.

*Hudgins, Watson & Watson and A. Hall Johnston for plaintiff.*

*No counsel for defendant.*

CLARK, C. J.  The plaintiff entered into a contract with his wife, the defendant Edith Howell, and the defendant G. A. Briggs, her father, that the daughter of the plaintiff, Lucy Howell, might remain with her mother, Edith Howell, at the home of said G. A. Briggs until said child should reach the age of 6 years, when she should be returned to her father.  The plaintiff, soon after said contract, obtained a divorce from his wife on the ground of her adultery, and the decree provided that the custody of the child should be left open for further orders of the court.  There has been no decree fixing the custody of said child.

It is alleged in the complaint that a few days prior to the child's attaining 6 years of age, the defendant Edith Howell, with the advice and assistance of her codefendant, G. A. Briggs, spirited the child away beyond the State to some place unknown to the plaintiff.

The complaint asks judgment against the defendant G. A. Briggs for damages, and against both defendants for the custody of said child, if she can be located, and for a rule upon the defendant Briggs requiring him to disclose the present whereabouts and residence of the plaintiff's child.

Abduction is usually prosecuted on the criminal side of the docket. But there are many cases in which damages have been recovered for wrongful abduction. The court having dismissed the action upon the pleadings, we must take the statements in the complaint to be true, because by the dismissal of the action the plaintiff has been debarred the opportunity of proving his allegation to be true. The question is whether the complaint states a cause of action.

In *Harris v. Harris,* 115 N. C., 589, it was held that a father who was entitled to the custody of the child might recover damages on a bond given for the return of the child to his custody, for failure to do so. A grave wrong was done the plaintiff if, as the complaint avers, his child was taken out of the State or secreted by the mother with the aid and assistance of the defendant G. A. Briggs. If the child were in the State, this action can be maintained for the production of the child before the judge, who upon hearing the evidence would award her custody. As to the defendant G. A. Briggs, if the allegations of the complaint are proven to be true, he is clearly liable for damages.

It is true that at common law abduction of a female for immoral purposes was not an offense (*S. v. Sullivan,* 85 N. C., 506), but as *Judge Settle* remarked in *S. v. Oliver,* 70 N. C., 60 (referring to the common-law right of a husband to whip his wife), "We have advanced from that barbarism," to some extent, by Laws 1879, ch. 81, now Revisal, 3358, which makes *abduction under some circumstances* an offense if the child is under 14 years of age. *S. v. George,* 93 N. C., 567; *S. v. Chisenhall,* 106 N. C., 676; *S. v. Burnett,* 142 N. C., 579.

At the common law, abduction of a child was not an offense. *S. v. Rice,* 76 N. C., 194. But 3 Blackstone Com., 140, holds that a civil action lay therefor, and that a father could recover damages, though he says it was a doubtful question, on which the authorities were divided, whether a father could recover for the abduction of any other child than the oldest son and heir. In *Barham v. Dennis,* Cro. Eliz., 770, it was held that he could not. But later cases held that an action would lie for taking away any of the children, because the parent "had an interest in them all." It is interesting to quote the reasoning of the courts at common law as given in *Barham v. Dennis, supra.* *Anderson, Walmsley,* and *Kingsmil, JJ.,* said: "The father should not have an action for the taking of any of his children, which is not his heir; and that is by reason the marriage of his heir belongs to the father, but not of any other his sons or daughters; and by reason of this loss only the action is given unto him; the writ in the Register is for the son and heir, or daughter and heir only; which proves that the law has always been taken, that the action lies not for any other son or daughter. And although it hath been said that a writ of trespass lies for divers things whereof none of them are in the Register, and it hath been adjudged that it lies for a parrot, a popinjay, a thrush, and, as in 14 Henry VIII, for a dog; the reason thereof is, because the law imputes that the owner hath a property in them; . . . But for the taking of a son or daughter not heir, it is not upon the same reason, and therefore not alike. Here the father hath not any property or interest in the daughter which the law accounts may be taken from him." *Glanville, J.,* dissenting, said: "The father hath an interest in every of his children to educate them, and to provide for them, and he hath his comfort by them; wherefore it is not reasonable that any should take them from him, and to do him such an injury, but that he should have his remedy to punish it." The majority of the Court are sustained by the form of the writ as preserved in Fitz-Herbert's *Natura Brevium,* 90 H., which was of date 12 Hen. IV, 16. But *Judge Glanville* based his dissent upon reason and justice, and has been sustained by subsequent cases.

In Cooley on Torts (3 Ed.), 482, 483, it is said that an action for damages for abduction of a child will lie in favor of the parent. In *Rice v. Nickerson,* 91 Mass. (9 Allen), 478, it was held in a case much like this, that the plaintiff might recover actual damages for expenses incurred in the pursuit of his child which had been abducted. The Court also indicated that upon proper allegations, such as have been made in this case, the plaintiff would be entitled to recover punitive damages for the wrong inflicted upon him. Among other cases sustaining an action for damages for abduction of a child are *Bradley v. Shafer,* 71 N. Y. (64 Hun.), 428; *Hills v. Hobert,* 2 Root (Conn.), 48; *Dobson v. Cothran,* 34 S. C., 518; *Kreag v. Anthus,* 2 Ind. App., 482.

In *Brown v. Crockett,* 8 La. Ann., 30, it is held that in an action for the wrongful abduction of a minor the jury has a right to award damages for mental anguish as a part of the compensatory damages for such wrong. In *Baumgartner v. Eigenbrot,* 100 Md., 508, it was held that if the child was kept in defendant's custody in a clandestine manner an action would lie.

In *Steele v. Thacher,* 1 Ware (U. S., 85), it was held that "A parent may maintain a libel in admiralty for the wrongful abduction of his child, being a minor, and carrying him beyond the sea." This has been cited with approval in 22 Fed. Cases, 13, 348, where the above case is reprinted. The subject is very interestingly discussed in *Everett v. Sherfey,* 1 Iowa, 356, and Schouler Dom. Rel. (3 Ed.), sec. 260; 2 Hilliard on Torts (3 Ed.), 519, 521, which sustain the proposition that a parent can maintain damages for the abduction of his child. To same effect *R. R. Co. v. Showers,* 71 Ind., 451; *Sargent v. Mathewson,* 38 N. H., 54, and other cases.

The most usual case in which this action is brought has been upon the abduction of a daughter for marriage or immoral purposes. But the modern authorities, as we have said, have advanced, and now the parent can recover damages for the unlawful taking away or concealment of a minor child, and is not limited to cases in which such child is heir or eldest son, nor to cases where the abduction is for immoral purposes, nor are the

HOWELL *v.* HOWELL.

damages limited to the fiction of "loss of services." This Court pointed out in *Hood v. Sudderth,* 111 N. C., 215, and *Willeford v. Bailey,* 132 N. C., 402, that this is "an outworn fiction," even in actions for seduction. The real ground of action is compensation for the expense and injury and "punitive damages for the wrong done him in his affections and the destruction of his household," as said in *Scarlett v. Norwood,* 115 N. C., 285; *Abbott v. Hancock,* 123 N. C., 99; *Snider v. Newell,* 132 N. C., 614, 623, 624.

The law is summed up with citation of numerous authorities in 1 A. and E. (2 Ed.), 167, as follows: "A father has a right of action against every person who knowingly and wittingly interrupts the relation subsisting between himself and his child or abducting his child away from him or by harboring the child after he has left the house."

It can make no difference that the child at the time she was carried away was not in the immediate custody of the father. She was temporarily with her mother, but he was legally entitled to her custody or to have it adjudged by the court, and to take her out of the jurisdiction of the court, or secrete her, was an injury for which he was entitled to damages. The allegation of the complaint that the defendant Briggs "procured, aided, assisted, and advised the taking off of the child and conceals its whereabouts and has thereby caused the plaintiff great and agonizing distress of both mind and body," states a good cause of action against him.

The judgment dismissing the action is
Reversed.