STATE OF NORTH CAROLINA v. JOE SQUIRES AND CARL JOHNSON.

(Filed 24 April 1968.)

**Criminal Law § 155—**

Although appeals of the indigent defendants were subject to dismissal in this case for failure to docket record on appeal within 90 days from date of sentence of imprisonment, Rule of Practice of the Court of Appeals No. 5, the Court of Appeals considered defendants' assignments of error and found them to be without merit.

APPEALS by defendants from *Hasty, J.,* 15 November 1967 Regular Criminal Session, MECKLENBURG.

The defendants were jointly charged in a bill of indictment with felonious breaking and entering and with felonious larceny. They were tried together in the Superior Court and found guilty on both counts by the same jury. From judgment of imprisonment, each defendant appealed.

*T. W. Bruton, Attorney General, by Millard R. Rich, Assistant Attorney General, for the State.*
*Guy E. Possinger for defendant appellant Joe Squires.*
*Barry M. Storick for defendant appellant Carl Johnson.*

MALLARD, C.J. Each of the defendants was found by the trial judge to be indigent, and orders were entered appointing counsel to perfect their appeals, and providing that Mecklenburg County should

pay the costs of the transcripts of the trial and the costs of printing of the record on appeal and the briefs.

The appeals of the defendants were docketed in the Court of Appeals as two cases. The testimony, the charge, and the argument of the Solicitor are included in the transcript filed in this Court; also the testimony is narrated in the record on appeal, and the argument of the Solicitor as well as the charge of the Court are again set forth in the printed record on appeal. Thus we have before us the testimony four times, the argument of the Solicitor four times, and the charge of the Court four times. Obviously, such repetition is unnecessary for the purpose of aiding this Court in a review of the assignments of error. Obviously, also, such repetition creates an unnecessary expense for Mecklenburg County. The fact of indigency should not be considered by a defendant as a license to be a spendthrift with the county's money.

Aside from needing only one record on appeal instead of two for co-defendants, we note that the assignments of error made by the defendants are the same and that they relate only to the argument of the Solicitor. Yet, we have the testimony of the witnesses and the charge of the court each reproduced before us four times.

The records on appeal in each of the defendants' appeals were filed too late to comply with Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina. If, as the record on appeal seems to indicate, the defendants were sentenced on 16 November 1967, the record on appeal should have been docketed in the Court of Appeals no later than 16 February 1968. They were both docketed in this Court on 27 February 1968. (For an explanation of Rule 5, see the opinion in *Smith v. Starnes* [192 *ante*], which is being filed by this Court the same date as this opinion.)

Although the appeals were subject to dismissal for failure to comply with Rule 5, we have carefully considered each of the assignments of error and find them to be without merit. Each of the assignments of error by each of the defendants is overruled.

We find no error.

BROCK and PARKER, JJ., concur.