THAD R. SMITH AND WIFE, MAE SMITH, v. CECIL STARNES AND SMITH MOORE, T/A S & M CONSTRUCTION COMPANY AND GENE INGLE, T/A GRANITE SAND COMPANY.

(Filed 24 April 1968.)

**1. Boundaries § 13;    Evidence § 25—**

The introduction in evidence of a map purporting to show by a line drawn thereon the correct representation of the boundary line contended for by the plaintiffs in their action in trespass, *is held* erroneous where plaintiffs offered no evidence as to the source of the map and where the line drawn thereon is not connected by testimony of plaintiffs' witnesses to the calls and distances of plaintiffs' land.

**2. Boundaries § 10—**

Parol evidence of monuments or natural boundaries, to be competent, must be shown to relate to the courses and distances set out in the instrument under which title is claimed, and a mere understanding of the parties, or their predecessors in title, as to the location of boundaries, without more, will not control its location.

**3. Appeal and Error § 39—**

If the record on appeal is not docketed within ninety days after the date of the judgment, order, decree, or determination appealed from, the case may be dismissed under Rule 17, if the appellee shall file a proper certificate prior to the docketing of such record on appeal; provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days for docketing the record on appeal. Rule of Practice in the Court of Appeals No. 5.

**4. Same—**

Authority of trial tribunal pursuant to Rule 5 to extend, for good cause, the time for docketing the record in the Court of Appeals cannot be accomplished by an order allowing appellant additional time to serve his case on appeal upon the appellee, and therefore the docketing of a record of appeal in such case more than 90 days after date of entry of judgment is subject to dismissal.

APPEAL by defendants from *Ervin, J.*, November, 1967, Session, CALDWELL Superior Court.

Plaintiffs and the defendants are adjoining property owners. The plaintiffs bring this action for damages to their real estate and crops by reason of trespass upon their lands by the defendants. The defendants counterclaim against the plaintiffs for damages to the defendants' real estate by reason of trespass thereon by the plaintiffs.

The case was tried before a jury, and from an adverse verdict and judgment entered thereon, the defendants appealed.

*West and Groome by Ted G. West, attorneys for plaintiff appellees.*

*L. H. Wall, attorney for defendant appellants.*

SMITH *v.* STARNES.

BROCK, J.   When this case was called for trial, the parties stipulated that plaintiffs are successors in title to Lot No. 1 and defendants are successors in title to Lot No. 2 according to a partition by commissioners in a special proceeding in 1912 entitled *Jenkins v. Jones,* Caldwell County Superior Court. The plaintiffs then offered into evidence the full report of the partition by commissioners which contains a description by metes and bounds of both Lot No. 1 and Lot No. 2. Lot No. 1, now owned by the plaintiffs, lies contiguous to and south of Lot No. 2, now owned by the defendants.

Immediately thereafter the plaintiffs offered in evidence a map entitled "Boundary Survey" and the Court dictated the following:

"Let the record show that there is offered in evidence the map entitled 'Boundary Survey' regarding *Thad R. Smith and wife Mae Smith, plaintiff vs. Cecil Starnes, Smith Moore and Gene Ingle, defendants* dated December 30th, 1966, is offered in evidence at the outset of this matter; that the attorney for the plaintiff stipulates and agrees with the reference to the map that the line designated on said map in green and marked as running from point 'A' to point 'B' is a correct representation of the boundary line contended for by the plaintiffs; and the defendants stipulate and agree that the line on said map shown in red and designated as running from point 'X' to point 'Y' is a correct representation of the boundary line as contended for by defendants.

"Let the record show both parties reserve the right to challenge certain of the information contained on the map, the sole purpose of the stipulation being to place before the jury the respective contentions of the parties as to location of the boundary line between the properties of the plaintiff and the properties of the defendants."

The defendants objected and excepted to the green line being shown on the map and referred to as a boundary line. This exception is defendants' first assignment of error.

The purported stipulations dictated by the Court constituted no more than unilateral assertions by each party, and upon objection by the defendant, the map should not have been allowed in evidence without proper identification. The plaintiffs offered no evidence as to the source of the map, or what it purported to show; nor was the green line thereon offered to illustrate the testimony of any witness concerning the calls and distances of plaintiffs' land as described in the commissioners' partition report. The plaintiffs' witness Isbell, a surveyor, testified that he did not know what the green line on the

map indicated; he testified that his survey led to a steel stake at point "X" on the map, which is at the terminus of the red line. Stansbury, N. C. Evidence 2d, § 34. The defendants' first assignment of error is sustained.

The plaintiffs' evidence consisted of plaintiff's own testimony and that of several other witnesses, testifying as to the existence of rose bushes, "hack" marked trees, a fence, and field boundaries to establish the true boundary line between plaintiffs' land and that of defendants. None of plaintiffs' witnesses undertook to connect the described items with any corner or line of plaintiffs' land as described by metes and bounds in the partition division under which they claim title. They only undertook to relate them to the green line shown on the map. In order to make parol evidence of monuments or natural boundaries competent, they must be shown to relate to the courses and distances set out in the instrument under which title is claimed. A mere understanding of the parties, or their predecessors in title, as to the location of the boundary, without more, will not control its location. *Wynne v. Alexander*, 29 N.C. 237. *Lumber Co. v. Lumber Co.*, 169 N.C. 80, 85 S.E. 438.

The defendants objected to and moved to strike the parol testimony referred to above and assign its admission as errors. These assignments of error are sustained.

The judgment appealed from in this case was signed on the 4th day of November 1967. The record on appeal was docketed in the Court of Appeals on the 4th day of March 1968. This was 31 days too late, and therefore subject to dismissal. Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina provides in part as follows:

> "If the record on appeal is not docketed *within ninety days* after the date of the judgment, order, decree, or determination appealed from, the case may be dismissed under Rule 17, if the appellee shall file a proper certificate prior to the docketing of such record on appeal; provided, the trial tribunal may, *for good cause,* extend the time not exceeding sixty days, *for docketing the record on appeal.*" (Emphasis added.)

The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, *supra,* and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settlement of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time

R. R. COMPANY *v.* DOCKERY.

allowed under Rule 5. The trial tribunal, upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal.

In this case, the trial tribunal, at the time of signing judgment on 4 November 1967, signed appeal entries allowing appellant 60 days to serve case on appeal, and allowing appellee 30 days thereafter to serve countercase or exceptions. This amounted to a full 90 days, and if the parties used all of the time allowed under the order, the record on appeal could not reasonably have been docketed in the Court of Appeals within the 90 days provided by Rule 5. Thereafter, purporting to act under authority of the proviso of Rule 5, the trial tribunal entered an order (apparently *ex parte*) on 23 December 1967, allowing appellant an additional 20 days to serve case on appeal, and allowing appellee 20 days thereafter to serve countercase or exceptions. This order allowed a total of 100 days, which, if used by the parties, would run beyond the 90-day limitation for docketing the record on appeal provided for in Rule 5. Nowhere does it appear that the trial tribunal found *good cause,* upon a motion by appellant, *for an extension of time to docket the record on appeal* in the Court of Appeals.

Presumably counsel prepared the appeal entries, and also prepared the order extending time for serving case on appeal. Counsel is responsible for making certain that appellate rules are complied with.

Nevertheless, absent a motion by appellee to dismiss the appeal for failure to comply with the rules, we have chosen not to dismiss it *ex mero motu* and have considered the appeal upon its merits.

New trial.

MALLARD, C.J., and PARKER, J., concur.