STATE OF NORTH CAROLINA v. CLAIBORNE LEE SHERRON

No. 6914SC72

(Filed 30 April 1969)

**1. Criminal Law § 155.5— failure to aptly docket record on appeal**

Where the record on appeal was docketed 175 days after the date of the judgment appealed from, the appeal is subject to dismissal by the Court of Appeals *ex mero motu* for failure to comply with the rules of the Court. Rules of Practice in the Court of Appeals Nos. 5 and 48.

**2. Criminal Law § 162— objection to question not fully asked**

The trial court is not required to rule upon objection to a question not fully asked, but may defer ruling until the entire question has been presented.

**3. Criminal Law §§ 86, 162— objection to "line of questioning"**

In this prosecution for assault on a female, the trial court properly overruled defendant's objection "to the whole line of questioning" of defendant by the solicitor relating to his prior convictions and properly ruled on each question as it was presented.

**4. Criminal Law § 86— cross-examination of defendant — prior convictions**

A defendant who testifies in a criminal case may be cross-examined as to his prior convictions for the purpose of impeaching him as a witness.

**5. Criminal Law §§ 95, 113— evidence competent only for impeachment — request for instructions**

The court is not required to instruct the jury that evidence competent for the purpose of impeachment be so restricted where defendant makes no request for such an instruction.

**6. Assault and Battery § 4— assault on spouse**

The martial relationship does not afford a license to commit assault.

**7. Assault and Battery § 14— sufficiency of evidence**

The evidence *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of assault on a female.

**8. Criminal Law §§ 18, 138— appeal from district court to superior court — increased sentence**

Increased sentence imposed in the superior court following defendant's appeal from conviction in the district court did not place an unconstitutional burden on defendant's right to appeal from the district court.

**9. Constitutional Law § 29; Criminal Law § 18— right to jury trial — misdemeanors — appeal to superior court from district court**

The constitutional right of a defendant charged with a misdemeanor to have a jury trial is not infringed by the fact that he has first to submit to trial without a jury in the district court and then appeal to superior court in order to obtain a jury trial. G.S. 7A-196; G.S. 7A-272; Art. I, § 13, N. C. Constitution.

**10. Criminal Law § 138— punishment — credit for time in custody pending appeal to superior court**

Defendant is not entitled to credit upon a sentence imposed in the superior court for time spent in custody in default of bond while awaiting trial *de novo* in the superior court following conviction in the district court.

**11. Criminal Law § 134— place of imprisonment — misdemeanor**

A defendant may be sentenced to Central Prison only upon conviction of a felony. G.S. 148-28.

**12. Criminal Law § 134— misdemeanor — confinement in Central Prison pending appeal**

Upon defendant's conviction of the misdemeanor of assault on a female, the court erred in directing that defendant be confined for his safety in Central Prison at Raleigh pending his appeal to the Court of Appeals absent a finding that Central Prison has been properly designated for that purpose by the Commissioner of Correction or his authorized representative. G.S. 153-189.1.

APPEAL by defendant from *Copeland, J.,* at the 3 June 1968 Criminal Session of DURHAM Superior Court.

Defendant was charged in a warrant, proper in form, with the crime of assault on a female person, he being a male over eighteen years old, in violation of G.S. 14-33. In district court he pleaded not guilty, was found guilty, and was sentenced to four months in jail. He appealed to superior court, where he again pleaded not guilty and was tried by jury.

The evidence favorable to the State indicated that the defendant and the prosecuting witness were married in July 1967 and that she and her four children by a previous marriage were staying at her mother's house at the time of the events complained of in the warrant. About 9:00 p.m. on Friday evening, 10 May 1968, the defendant came to the house. When he arrived, the prosecuting witness was sitting on the porch with her four-year-old child. He jerked the prosecuting witness from her chair and commanded her to leave with him. In struggling to get away from him, her blouse came off and she fell down. The defendant jerked her to her feet, then threw her against the banisters. The defendant then stated: "Well, this is all I am going to do in front of the children." As he was leaving, he threw a flower pot at the prosecuting witness. These events were witnessed by the children and mother of the prosecuting witness.

The defendant testified in his own behalf to the effect that he was simply trying to get his wife to go with him but that she jerked away and fell down; that he accidentally kicked the flower pot off the porch and pitched it back on the porch as he was leaving.

On verdict of guilty, the court entered judgment that defendant be imprisoned in the Durham County Jail for a period of 21-24 months, to be assigned to work under the supervision of the State Department of Correction. Defendant gave notice of appeal. On finding defendant to be indigent, the court, at defendant's request, appointed the counsel who had represented him at the trial to represent him in perfecting the appeal and ordered Durham County to pay the cost of the transcript and other costs incident to perfecting the appeal. The court also entered the following order:

> "The court determines for the safety of the defendant and the safety of others in the Durham County jail that the defendant shall be confined in the Central Prison in Raleigh pending his appeal."

*Attorney General Robert Morgan and Staff Attorney (Mrs.) Christine Y. Denson for the State.*

*John C. Randall for defendant appellant.*

Parker, J.

[1]  The judgment sentencing defendant was entered 12 June 1968. The record on appeal was docketed in this Court 4 December 1968. This was 175 days after the date of the judgment appealed from. For failure to docket within the time prescribed by the rules of this Court, this case should be dismissed *ex mero motu*. Rules 5 and 48, Rules of Practice in the Court of Appeals; *State v. Farrell*, 3 N.C. App. 196, 164 S.E. 2d 388; *State v. Squires*, 1 N.C. App. 199, 160 S.E. 2d 550. Nevertheless, in an effort to determine that justice is done, we have reviewed the record with respect to the assignments of error brought forward for review.

[2]  Defendant's first two assignments of error relate to the court's action in permitting the solicitor to ask defendant certain questions on cross-examination relating to defendant's previous occupation and prior convictions. However, defendant's objections were interposed prematurely before the solicitor completed asking the questions, and the court properly deferred ruling in each instance until the entire question had been asked. In case of the questions which are the subject matter of exceptions #5 and 6, defendant failed to object when the entire questions were asked. In case of the question which is the subject matter of exception #7, the court properly sustained defendant's objection when timely made. In neither instance was the court required to rule upon a question not yet fully asked.

[3]    In the case of exception #8, defendant interposed objection "to the whole line of questioning" relating to his prior convictions and requested the court to instruct the jury not to consider them. The court properly refused this request and properly ruled on each question as it was presented.

[4, 5]    It is elementary law that a defendant who elects to testify in a criminal case may be cross-examined as to his prior convictions for purposes of impeaching him as a witness. *State v. Jeffries,* 3 N.C. App. 218, 164 S.E. 2d 398; Stansbury, N.C. Evidence 2d, § 112. Defendant did not request that the evidence, competent for the purpose of impeachment, be so restricted. Absent this request the court is not required to give such instructions. *State v. Goodson,* 273 N.C. 128, 159 S.E. 2d 310.

[6, 7]    Defendant next assigns as error the overruling of his motion for nonsuit. In support of his contention that nonsuit should have been allowed, defendant quotes from *State v. Oliver,* 70 N.C. 60, which was decided in 1874, as follows:

> "If no permanent injury has been inflicted, nor malice, cruelty nor dangerous violence shown by the husband, it is better to draw the curtain, shut out the public gaze, and leave the parties to forget and forgive."

While today as in 1874 family disputes are better settled at home than in the courts, neither in 1874 nor at any time thereafter has the marital relationship afforded a license to commit assault. *State v. Oliver, supra,* does not so hold. In that case the husband was convicted for switching his wife; on appeal the judgment was affirmed. In the case presently before us there was plenary evidence to justify submitting the question of defendant's guilt to the jury, and the motion for nonsuit was properly overruled.

[8, 9]    Defendant contends his motion in arrest of judgment should have been granted on the ground that the increased sentence imposed in the superior court placed an unconstitutional burden on his right to appeal from the district court. This contention is without merit. *State v. Stafford,* 274 N.C. 519, 164 S.E. 2d 371. Defendant further contends that his motion in arrest of judgment should have been granted on the additional grounds that his constitutional right to a jury trial has been infringed, in that in order to obtain a jury trial he had first to submit to trial without a jury in the district court and then appeal to superior court stigmatized by conviction in the court below. Defendant contends this procedure placed an impermissible burden upon exercise of his constitutional right to a

jury trial. This contention is also without merit. Art. I, § 13 of the North Carolina Constitution provides:

"No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful persons in open court. The Legislature may, however, provide other means of trial, for petty misdemeanors, with the right of appeal."

By G.S. 7A-272 the district court has exclusive, original jurisdiction for the trial of criminal actions below the grade of felony, and the same are declared to be petty misdemeanors. G.S. 7A-196 provides: "In criminal cases there shall be no jury trials in the district court. Upon appeal to superior court trial shall be de novo, with jury trial as provided by law." This provision does not transgress the requirements of Art. I, § 13 of our State Constitution. *State v. Norman,* 237 N.C. 205, 74 S.E. 2d 602; *State v. Pulliam,* 184 N.C. 681, 114 S.E. 394.

**[10]** There is also no merit to defendant's contention that he is entitled to credit for the time he spent in custody following his trial and conviction in the district court and while awaiting trial *de novo* in the superior court. It is true that on any subsequent sentence imposed for the same conduct, a defendant must be given full credit for all time served under the previous sentence, *State v. Stafford, supra; State v. Paige,* 272 N.C. 417, 158 S.E. 2d 522, but the time for which defendant here seeks credit was while he was in custody in default of bond awaiting his trial *de novo* in the superior court. It was not time spent while serving any sentence as punishment for the conduct charged in the warrant, and defendant's claim for credit is denied under the authority of *Williams v. State,* 269 N.C. 301, 152 S.E. 2d 111; and *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633; see Note, 44 N.C.L.R. 458.

**[11, 12]** Defendant also excepts to the portion of the trial court's judgment which directed that defendant be confined in the Central Prison in Raleigh pending his appeal. A defendant may be sentenced to the Central Prison only upon conviction of a felony. G.S. 148-28; *State v. Floyd,* 246 N.C. 434, 98 S.E. 2d 478; *State v. Cagle,* 241 N.C. 134, 84 S.E. 2d 649. Defendant in the present case was convicted only of a misdemeanor and should not have been ordered confined in Central Prison. G.S. 153-189.1 does authorize the resident judge holding superior court in the district, whenever necessary for the safety of the prisoner or to avoid a breach of the peace in the county, to order a prisoner held in any county jail transferred to a secure jail in some other county or to a unit of the State Prison System designated by the Commissioner of Correction or his au-

thorized representative. Under this statute the trial court, upon making an appropriate finding that it was necessary for the safety of the defendant, could have ordered defendant transferred to "a unit of the State Prison System designated by the Commissioner of Correction or his authorized representative," but the court should not have ordered defendant transferred directly to Central Prison absent a finding that the Central Prison had been properly designated for that purpose by the Commissioner of Correction or his authorized representative. However, in the present case the portion of the court's order here complained of by defendant was by its terms to be effective only pending his appeal, and in any event upon determination of this appeal defendant should be returned to the common jail of Durham County as provided in G.S. 153-189.1. Had defendant desired to raise effectively an objection as to the lawfulness of the place of his confinement pending the determination of this appeal, he could have applied for a writ of habeas corpus. Having failed to do so, upon determination of this appeal the question has become moot.

We have examined the other assignments of error relating to remarks made by the assistant solicitor and to the judge's charge, and find no prejudicial error.

No error.

MALLARD, C.J., and BRITT, J., concur.