STATE OF NORTH CAROLINA v. JAMES R. BYRD
— AND —
STATE OF NORTH CAROLINA v. KENNETH WAYNE PORTER

No. 6915SC8

(Filed 30 April 1969)

**1. Criminal Law § 155.5—   dismissal of appeal not aptly docketed**

Where the record on appeal was not docketed within the time prescribed by Rule 5 and no order was entered extending the time for docketing the

record on appeal, the appeal is subject to dismissal by the Court of Appeals *ex mero motu.* Rules of Practice in the Court of Appeals No. 48.

**4. Criminal Law § 155.5— rule prescribing time for docketing appeal is mandatory**

Neither the judges, solicitors, attorneys nor parties have the right to ignore or dispense with the rule requiring docketing within the time prescribed, the Rules of Practice of the Court of Appeals being mandatory and not directory.

**3. Criminal Law § 153— withdrawal of appeal — jurisdiction of superior court**

The superior court has no authority to permit a defendant to withdraw an appeal after the appeal is docketed in the Court of Appeals.

**4. Criminal Law § 147— motion to withdraw appeal**

Defendant's motion to withdraw his appeal is allowed by the Court of Appeals in its discretion.

APPEAL by each of the defendants from *Beal, S.J.,* June 1968 Criminal Session of the Superior Court of ALAMANCE County.

Defendants were indicted on two separate bills of indictment, which were consolidated for trial without objection, and tried on charges of conspiracy to commit the crime of armed robbery.

Each of the defendants pleaded not guilty. Trial was by jury. The jury returned, as to each defendant, a verdict of "(g)uilty as charged in the bill of indictment." From the imposition of judgment of imprisonment for a term of ten years, each defendant appeals, assigning error.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*M. Glenn Pickard for the defendant James R. Byrd.*

*Robert R. Hayes for the defendant Kenneth Wayne Porter.*

MALLARD, C.J.

[1] The judgment and notice of appeal in these cases were entered as of 7 June 1968. The trial judge allowed each defendant fifty days in which to prepare and serve his case on appeal, and the State was given thirty days thereafter to file countercase or exceptions. No order extending the time for docketing the record on appeal was entered. The record on appeal for both defendants was docketed in this Court on 8 November 1968. This was more than sixty days too late, and therefore subject to dismissal. See Rules 5 and 48 of the Rules

of Practice in the Court of Appeals. There was no order extending the time for docketing the record on appeal. For failure to docket the record on appeal within the time prescribed by the rules, this appeal should be dismissed.

**[2]** It is appropriate here, and therefore, we will reiterate what this Court said in *State v. Farrell,* 3 N.C. App. 196, 164 S.E. 2d 388:

> "The Rules of Practice in the Appellate Division of The General Court of Justice are mandatory, not directory, and must be uniformly enforced. Neither the judges, nor the solicitors, nor the attorneys, nor the parties have the right to ignore or dispense with the rule requiring docketing within the time prescribed. If the rules are not complied with, this Court may *ex mero motu* dismiss the appeal. *Carter v. Board of Alcoholic Control,* No. 519, Fall Term 1968, N. C. Supreme Court, filed 20 November 1968. And for failure to docket the record on appeal within the time prescribed by the rules, this appeal should be dismissed *ex mero motu.*"

Under date of 4 March 1969, defendant Byrd filed in the Superior Court of Alamance County a "Motion to Withdraw Appeal" in which he requests the Superior Court to permit him to withdraw his appeal pending in the Court of Appeals and which was set for hearing in the Court of Appeals on 11 March 1969. The judge presiding in the Superior Court of Alamance County on 4 March 1969 ordered that the defendant "be allowed to withdraw his appeal from the North Carolina Court of Appeals." Under date of 6 March 1969, defendant's counsel, in a letter addressed to the Clerk of this Court, said:

> "Enclosed you will find a motion to the Superior Court Division to withdraw the appeal of James Ronald Byrd to the Court of Appeals together with an order allowing same.
>
> Mr. Byrd has instructed me to ask you to allow him to withdraw his appeal."

**[3, 4]** The Superior Court had no authority to permit or allow a defendant to withdraw an appeal to the Court of Appeals after the appeal is docketed here. However, we consider the letter from the defendant's attorney to the Clerk of this Court with the enclosures therein as a motion by the defendant to withdraw his appeal, and in our discretion allow it.

We do not consider the bill of indictment or the charge of the court in this case as model ones; however, we have reviewed the

record proper and are of the opinion that there appears no error sufficiently prejudicial to the defendant Porter to justify a new trial.

Appeal withdrawn as to Defendant Byrd.

No error as to Defendant Porter.

BRITT and PARKER, JJ., concur.