ROBERT L. KURTZ, ANCILLARY ADMINISTRATOR OF THE ESTATE OF ROBERT G. KOONTZ, DECEASED v. ALLSTATE INSURANCE COMPANY, A COR-PORATION

No. 6926DC485

(Filed 19 November 1969)

Appeal and Error § 39—  record on appeal — time for docketing — extension of time

   Authority of the trial tribunal to extend for good cause the time for docketing the record on appeal in the Court of Appeals cannot be exercised by an order allowing appellant additional time to serve his case on appeal upon the appellee, and the docketing of the record on appeal in such case more than 90 days after date of entry of judgment subjects the appeal to dismissal by the Court of Appeals *ex mero motu*. Rule of Practice in the Court of Appeals No. 5.

APPEAL by plaintiff from *Stukes, District Judge,* 14 April 1969 Session, MECKLENBURG District Court.

Plaintiff brings this action under the "uninsured motorist" endorsement of plaintiff's intestate's liability insurance policy to recover damages for the wrongful death of plaintiff's intestate.

On 21 September 1966, at approximately 9:35 p.m., plaintiff's intestate, along with William Edgar Helton and Tom Roberts, was riding in the 1962 Chevrolet automobile which was involved in a one-car accident near the Town of Sylva in Jackson County. All three of them were killed as a result of the accident and there was no eyewitness as to who was driving the vehicle.

At the close of plaintiff's evidence the defendant's motion for judgment of involuntary nonsuit was allowed. Plaintiff appealed.

*Levine, Goodman and Murchison, by Alton G. Murchison, III, for the plaintiff.*

*Sanders, Walker and London, by James E. Walker, for the defendant.*

BROCK, J.

The plaintiff's appeal in this case is from a judgment of involuntary nonsuit entered on 23 April 1969. According to Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina, it was necessary that the record on appeal be docketed within 90 days unless the trial tribunal, for good cause, extended the time not exceeding an additional 60 days for docketing the record on appeal. Consequently, without an extension by the trial tribunal, the record

on appeal should have been docketed in this Court on 22 July 1969; it was actually docketed on 25 August 1969, over a month late. There was no order from the trial tribunal entered under the provisions of Rule 5, *supra,* extending the time within which the record on appeal might be docketed.

We do find in the record an order dated 5 June 1969 extending the time within which plaintiff might serve the case on appeal on defendant to and including 7 July 1969 and allowing the defendant 30 days thereafter to serve countercase or exceptions. Once again we refer the Bar to our holding in *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547, where we point out that an extension of time to docket the record on appeal cannot be accomplished by an extension of time to serve case on appeal. For failure to comply with the Rules respecting the time for docketing the record on appeal, the appeal is subject to dismissal *ex mero motu.*

Nevertheless, we have examined plaintiff's assignment of error to the ruling of the Court and find that plaintiff was faced with two particular problems in this lawsuit. First, a difficulty in establishing the identity of the driver of the motor vehicle at the time of the accident; and second, a difficulty in establishing that the motor vehicle involved in the accident was an uninsured motor vehicle. With respect to the first particular problem, it is our opinion that the circumstantial evidence which was offered by the plaintiff before the jury was not sufficient to justify submitting the case to the jury upon the question of the identity of the driver. The circumstantial evidence voluntarily offered by the plaintiff in the absence of the jury without an opportunity for the trial court to rule upon its competence has not been considered by us. We express no opinion upon the sufficiency of the evidence to establish that the motor vehicle involved in the accident was an uninsured motor vehicle.

For failure to comply with the Rules of this Court, this appeal is

Dismissed.

BRITT and VAUGHN, JJ., concur.