STATE *v.* GIBBS AND STATE *v.* SPENCER

No. 702SC118 STATE OF NORTH CAROLINA v. VAN GRAY GIBBS (68-CR-96); JIMMY BLOUNT (68-CR-95); JANICE MARIE WHITNEY (68-CR-91); HATTIE DELORIS GREEN (McCABE) (68-CR-93)

— AND —

No. 702SC119 STATE OF NORTH CAROLINA v. BARBARA JOYCE GIBBS (68-CR-47); AUDREY SIMPSON (69-CR-48); BELVIN MARIE MACKEY (68-CR-34); PERLINE GIBBS (68-CR-55); LONNIE LEE GIBBS (68-CR-78); RICHARD LEE SPENCER (68-CR-79); THOMAS WHITAKER (68-CR-75)

— AND —

No. 702SC120 STATE OF NORTH CAROLINA v. WALTER LEWIS SPENCER (68-CR-150); CHARLES WADE GREEN (68-CR-143)

Nos. 702SC118, 702SC119, 702SC120

(Filed 27 May 1970)

**1. Criminal Law § 155.5— extension of time for docketing record on appeal — service of case on appeal**

Extension of time for docketing the record on appeal cannot be accomplished by an order allowing additional time to prepare and serve case on appeal.

**2. Criminal Law § 155.5— failure to docket record on appeal in apt time**

Appeal is subject to dismissal where the record on appeal was docketed more than 90 days after the date of the judgment appealed from and no order extending the time for docketing the record on appeal appears in the record. Court of Appeals Rule No. 5.

APPEAL by defendants from *Copeland, J.,* 10 September 1969 Session of HYDE Superior Court.

Defendants were each tried and convicted on charges of impeding the regular flow of traffic by willfully standing upon a public highway in violation of G.S. 20-174.1. From judgments imposing active jail sentences, defendants appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen, for the State.*

*Jerry Paul for defendant appellants.*

PARKER, J.

[1, 2] The judgments appealed from were entered on 10 September 1969. The record on appeal was docketed in the Court of Appeals on 23 December 1969, which was more than ninety days after the date of the judgments appealed from. No order extending

the time for docketing the record on appeal appears in the record. This cannot be accomplished by an order allowing additional time to prepare and serve case on appeal. *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547. The Attorney General's motion to dismiss these appeals for failure of appellants to comply with Rule 5 of the Rules of the Court of Appeals should be allowed.

Nevertheless, to assure that no injustice has been done, we have carefully examined the entire record and considered all matters raised in the brief and argument presented by appellants' counsel. The principal questions sought to be raised have all been answered adversely to appellants by the decision of the Supreme Court of North Carolina in the case of *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765. In the record before us we find no error.

Appeals dismissed.

CAMPBELL and VAUGHN, JJ., concur.