Melton v. Melton

Dismissed.

Chief Judge BROCK and Judge CAMPBELL concur.

JOHN ROBERT MELTON v. HAZEL MELTON

No. 7429DC315

(Filed 7 August 1974)

1. **Appeal and Error § 39— failure to docket record in apt time**
   Appeal is dismissed for failure to docket the record on appeal within 90 days after the date of the judgment appealed from. Court of Appeals Rule 5.

2. **Appeal and Error § 39— time for docketing record — extension of time to serve case**
   An extension of time for service of the case on appeal does not affect the time in which to docket the record on appeal.

APPEAL by plaintiff from *Hart, Judge,* 17 October 1973 Session of District Court held in RUTHERFORD County. Heard in the Court of Appeals on 13 June 1974.

The factual circumstances of this case are perhaps best explained by setting forth the following chronology of events:

On 2 March 1972 the plaintiff John Robert Melton and his wife, the defendant Hazel Melton, separated and the defendant and the two minor children born of the marriage moved to South Carolina. Thereafter, on 29 November 1972, the Family Court of Spartanburg County, South Carolina, entered an order awarding the custody of the two minor children to the defendant.

On 5 March 1973 plaintiff instituted the present action in which he sought an absolute divorce and custody of the two minor children. Judgment of absolute divorce was entered on 10 May 1973; however, the court at that time refrained from making a determination as to the issue of the custody of the two minor children and stated that this question "was retained for further orders of the Court". On 8 August 1973 an order was entered declaring "that the jurisdiction of this cause regarding the adjudication of the custody of the minor children is vested exclusively in the Courts of North Carolina." On 29 August 1973 the custody of the two minor children was granted to the plaintiff by the District Court of Rutherford County.

Subsequent to the two orders of August 1973, the defendant moved to set aside these orders and also moved for an order requiring the plaintiff to return the custody of the two minor children to the defendant. On 15 November 1973 Judge Hart entered an order wherein he made findings of fact which are in large part repetitious of what we have stated above; however, the order did contain further findings which are stated below:

"1. That the notice of setting of the hearing before the Honorable W. B. Matheny, for August 29, 1973, was not served as contemplated by law and that more specifically said notice was not served until September 7, 1973.

\* \* \*

5. That the order entered by the Family Court of Spartanburg County, South Carolina, on September 11, 1973, adjudicated the rights of the parties, inter se; and that said order was entered pursuant to the motion of John Robert Melton, the plaintiff herein.

6. That pursuant to said order of the Family Court of Spartanburg County, South Carolina, dated September 11, 1973, the plaintiff herein, John Robert Melton, lawfully removed the said two minor children to Rutherford County, North Carolina, for a period of visitation and that he has not returned said children to the defendant herein in Spartanburg County, South Carolina, in contravention of said order."

No exceptions were noted to these findings of fact by the plaintiff. Based on its findings of fact, the court vacated the orders of 8 and 29 August 1973 and returned the custody of the two minor children to the defendant.

From this latter order, the plaintiff appealed.

*Robert L. Harris for plaintiff appellant.*

*No counsel contra.*

HEDRICK, Judge.

[1] Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed. The record on appeal in the instant case was not docketed in

this court within the 90 day period and for failure to comply with this requirement, the appeal is dismissed.

**[2]** Although the record does contain an order extending the time for service of the case on appeal, nowhere in this order is there an extension of time in which to docket the record on appeal. An extension of the time for service of the case on appeal does not affect the time in which to docket the record on appeal. As stated by Judge Brock, now Chief Judge, in *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547 (1968) :

> "The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, supra, and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settlement of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed under Rule 5. The trial tribunal, upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal."

The appeal is

Dismissed.

Chief Judge BROCK and Judge CAMPBELL concur.