State v. Brown

---

STATE OF NORTH CAROLINA v. TROY IVERSON BROWN

No. 7925SC553

(Filed 6 November 1979)

**Criminal Law § 155.1— failure to docket record in apt time—dismissal of appeal**
    Appeal is dismissed for failure of appellant to docket the record on appeal within 150 days after the notice of appeal as required by Rule of Appellate Procedure 12(a).

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 5 September 1978 in Superior Court, BURKE County. Heard in the Court of Appeals 25 October 1979.

Defendant was charged in a bill of indictment, proper in form, with the offense of murder in the second degree of one John Jackson Whisnant and was found guilty of voluntary manslaughter. From an active sentence of imprisonment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Norma S. Harrell, for the State.*

*Triggs, Hodges & Mull, by C. Gary Triggs, for defendant appellant.*

ERWIN, Judge.

Rule 12(a) of the Rules of Appellate Procedure provides:

*"Time for Filing Record on Appeal.* Within 10 days after certification of the record on appeal by the clerk of superior court, but no later than 150 days after giving notice of appeal, the appellant shall file the record on appeal with the clerk of the court to which appeal is taken."

Notice of appeal was given on 5 September 1978; the record on appeal was filed with our clerk on 18 June 1979, some 285 days after notice of appeal was given. Rule 27(c) of the Rules of Appellate Procedure provides in part: "A motion to extend the time for filing the record on appeal to a time greater than 150 days from the taking of appeal may only be made to the appellate court to which appeal has been taken." The record in the case *sub judice* does not show that time has been extended by this Court. We are, therefore, compelled to dismiss this appeal for failure to docket the record on appeal within the time prescribed by the Rules of Appellate Procedure. This Court stated in *State v. Byrd* and *State v. Porter,* 4 N.C. App. 494, 496, 167 S.E. 2d 95, 96 (1969):

"It is appropriate here, and therefore, we will reiterate what this Court said in *State v. Farrell,* 3 N.C. App. 196, 164 S.E. 2d 388:

'The Rules of Practice in the Appellate Division of The General Court of Justice are mandatory, not directory, and must be uniformly enforced. Neither the judges, nor the solicitors, nor the attorneys, nor the parties have the right to ignore or dispense with the rule requiring docketing within the time prescribed. If the rules are not complied with, this Court may *ex mero motu* dismiss the appeal. *Carter v. Board of Alcoholic Control,* No. 519, Fall Term 1968, N. C. Supreme Court, filed 20 November 1968. And for failure to docket the record on appeal

within the time prescribed by the rules, this appeal should be dismissed *ex mero motu.*' "

Appeal dismissed.

Judges VAUGHN and HILL concur.