W. J. JONES AND WIFE KATIE JONES, CORA ABERNETHY AND HUSBAND M. L. ABERNETHY, ET AL. v. JOHN JONES AND WIFE CORA JONES, RICHARD JONES, ET AL.

(Filed 18 October, 1950.)

**1. Appeal and Error § 10b—**

Where the trial court fixes case on appeal at the time judgment is entered, service of case on appeal is not required.

**2. Appeal and Error § 16—**

Where judgment is entered in the trial court prior to the beginning of the Spring Term of the Supreme Court, the appeal must be brought to the Spring Term and docketed fourteen days before the call of the docket of the district to which the case belongs. Rule of Practice in the Supreme Court No. 5.

**3. Same: Appeal and Error § 31c—**

The rule regulating the time appeals must be docketed in the Supreme Court is mandatory and cannot be abrogated by consent or otherwise, and failure to docket as required by the rule requires dismissal of the appeal.

APPEAL by defendants from *Crisp, Special Judge,* January Term, 1950, CATAWBA.

---

---

Petition for partition in which the defendants plead sole seizin. The court below concluded that the defendants' plea of sole seizin was not well founded and signed judgment for plaintiffs. Defendants appealed.

*Russell W. Whitener for plaintiff appellees.*

*Fred D. Caldwell and Childs & Childs for John Jones and wife, Cora Jones, appellants.*

BARNHILL, J. This cause was heard at the January Term, 1950, Catawba Superior Court, and the judge entered judgment on 27 January 1950. At the same time, the cause having been disposed of on the record, the court fixed the case on appeal and also allowed time in which to serve the same. The appeal reached the office of the Clerk of this Court 30 March 1950, after the Spring Term call of cases from the Sixteenth District. The Clerk of this Court was authorized or directed to docket the appeal for the Fall Term 1950. Appellants' brief was filed 29 September 1950. On this showing, the appeal must be dismissed.

The judge fixed the case on appeal at the time judgment was entered. Service thereof was not required. *Privette v. Allen,* 227 N.C. 164, 41 S.E. 2d 364.

It was the duty of appellants to docket their appeal at the Spring Term 1950 of this Court, fourteen days before the call of the docket of the Sixteenth District to which this case belongs. Rule 5, Rules of Practice in the Supreme Court, 221 N.C. 546.

This rule is mandatory and cannot be abrogated by consent or otherwise. *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126. Failure to docket as thus required results in the loss of the right of appeal and necessitates dismissal. *Pruitt v. Wood, supra; S. v. Watson,* 208 N.C. 70; 179 S.E. 455; *S. v. Presnell,* 226 N.C. 160, 36 S.E. 2d 927.

This disposition of the appeal is not due to arbitrariness on our part but is in the enforcement of a rule essential to the prompt administration of justice. *Pruitt v. Wood, supra.* We may note, however, that, on this record, the dismissal of the appeal works no injury to any of the parties. Whatever the procedure which might be adopted in the trial of this cause in the court below, the final result would be the same.

Appeal dismissed.