NEW HANOVER COUNTY AND C. R. MORSE, CITY-COUNTY TAX COLLECTOR, v. ABEL HOLMES AND WIFE, IF MARRIED.

(Filed 26 November, 1952.)

**1. Appeal and Error § 31c—**

Where judgment is rendered during the December Term of a Superior Court, an appeal to the following Fall Term of the Supreme Court is too late.

**2. Taxation § 40h: Dower § 1—**

Inchoate dower cannot deprive the purchasers at a tax foreclosure from the present right of possession.

**3. Trial § 13: Appeal and Error § 2—**

Additional evidence may not be introduced after judgment, and no appeal lies from the denial of a party's motion to be permitted to introduce such evidence.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Burgwyn, Special Judge,* February Term, 1952, NEW HANOVER. Appeal dismissed.

Tax foreclosure action in which both defendants were duly served with summons. They failed to answer and the property was duly sold. Final order was entered 27 April 1951. The cause was heard on two different occasions on motions made by defendants after final judgment, and also on motion of the purchasers for a writ of possession. The defendants excepted to the orders entered and appealed.

*G. C. McIntire and Isaac C. Wright for plaintiff appellees.*
*Rodgers & Rodgers for defendant appellants.*

PER CURIAM. At the December Term 1951, Burney, J., denied the male defendant's motion to vacate the decree of foreclosure and the deed executed pursuant thereto. The appeal from this order comes too late. *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335.

At the February Term, 1952, Burgwyn, Special Judge, entered an order directing that a writ of possession issue. *Feme* defendant excepted. The exception is without merit. *Feme* defendant's inchoate right of dower, if not barred by the judgments heretofore entered, does not deprive the purchasers of the present right of possession.

On 17 May 1952, Morris, J., denied defendants' motion to be permitted to supplement the testimony at the prior hearing by filing additional documentary evidence "for further consideration." No appeal lies from said order. Indeed, the judge was without authority to augment the evidence at that stage of the proceedings.

The defendants have had their day in court. They were accorded a full opportunity to be heard before the order of foreclosure was entered. Their present unfortunate predicament is due to their own negligence from which the Court can afford them no relief.

Appeal dismissed.

PARKER, J., took no part in the consideration or decision of this case.