IN THE MATTER OF: BRENDA CARROLL SUGGS, A MINOR.

(Filed 14 October, 1953.)

**Appeal and Error § 16—**

A cause tried prior to the convening of the Spring Term of the Supreme Court must be docketed in the Supreme Court at that term twenty-one days prior to the call of the docket for the District to which it belongs, and failure to docket it at the proper term compels dismissal notwithstanding any agreement of the parties or allowance of time by the trial judge for perfecting the appeal. Rule of Practice in the Supreme Court No. 5.

APPEAL by respondent from *Williams, J.,* in Chambers, at Sanford, N. C., 11 October 1952.

Petition to determine the custody of an infant.

Summons herein was issued and the petition was filed 16 September 1952. The cause was heard 11 October 1952, and judgment was entered 21 January 1953, awarding custody of the infant to its paternal grandparents. The respondent excepted and appealed. She was allowed until 15 April 1953 to serve case on appeal, and petitioner was allowed sixty days thereafter in which to file exceptions or serve countercase.

*Hooks & Britt for respondent appellant.*
*Wilson & Johnson for petitioner appellee.*

PER CURIAM. This cause was tried prior to the convening of the Spring Term 1953 of this Court. It was the duty of the appellant to docket her appeal in this Court at that term, twenty-one days prior to the call of the docket of the Fourth Judicial District, to which this case belongs. It was actually docketed 4 September 1953, after the Fall Term had convened.

Neither an agreement of the parties nor the allowance of time by the judge for perfecting the appeal will excuse the delay. Rule 5, Rules of Practice in the Supreme Court, 221 N.C. 546, is mandatory and cannot be abrogated by consent or otherwise. Failure to docket as thus required results in the loss of the right of appeal and necessitates dismissal. *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335; *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *S. v. Presnell,* 226 N.C. 160, 36 S.E. 2d 927.

Here the cause was heard on affidavits. If the affidavits were filed with the clerk as a part of the record, as they should have been, then a case on appeal was not required. *Privette v. Allen,* 227 N.C. 164, 41 S.E. 2d 364; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22; *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Wilson v. Chandler, ante,* p. 401. In any event, a case on appeal which would be composed exclusively of affidavits could have been prepared and served in the course of a day or

so. Allowance of a total of more than 120 days extending the time beyond the date for docketing in this Court was unnecessary. Had it been necessary to protect her right of appeal, appellant had an adequate remedy by a writ of *certiorari.*

Perhaps *it* will occur to appellant that this disposition of her appeal does not close the door to a further hearing.

Appeal dismissed.