STATE *v.* FREEMAN.

## STATE v. VELTON FREEMAN.

(Filed 3 November, 1954.)

**Appeal and Error § 16:  Criminal Law § 74—**

Where judgment is entered in an action tried at a term prior to the convening of the Supreme Court, the appeal must be taken to that term of the Supreme Court.

APPEAL by defendant from *Rousseau, J.,* January Term 1954, MONTGOMERY.

Criminal prosecution upon a bill of indictment in which it is charged that the defendant did unlawfully possess, possess for the purpose of sale, and transport certain intoxicating liquors.

The jury returned a verdict of guilty on all three counts "as charged in the bill of indictment." The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*McLean & Stacy for the defendant.*

PER CURIAM.   This criminal action was tried at the January 1954 Term of Montgomery County Superior Court prior to the convening of the 1954 Spring Term of this Court. It was the duty of the defendant to docket his appeal at that term. This he failed to do, and there was no petition for *certiorari.* Docketing for hearing at this term comes too late. Hence the appeal must be dismissed on authority of *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335, and cases therein cited.

Since the exceptive assignments of error relied on by defendant are not of sufficient merit to require a new trial, the result in effect is the same.

Appeal dismissed.