DWIGHT MOODY CARTER, TRADING AS RIDGEWAY TAVERN, PETITIONER, v. STATE BOARD OF ALCOHOLIC CONTROL, MALT BEVERAGE DIVISION, RESPONDENT

No. 519

(Filed 20 November 1968)

**Appeal and Error § 39—  dismissal of appeal not aptly docketed**
    Where the appeal is not docketed in the Supreme Court within the time allowed by the rules so that the appeal is carried beyond the term at which it should have been heard, the Supreme Court will dismiss the appeal *ex mero motu.*

APPEAL by Petitioner from *Olive, S.J.,* February Assigned Civil Session 1967, of WAKE.

Petitioner instituted this proceeding pursuant to Article 33, Chapter 143 of General Statutes of North Carolina for judicial review of an administrative decision and action of respondent which resulted in the revocation of petitioner's malt beverage permit. Revocation was based on findings by respondent that petitioner sold taxpaid whiskey on his licensed premises in violation of G.S. 18-2, G.S. 18-50, and G.S. 18-78.1(5), and that because of these violations petitioner was no longer considered a suitable person to hold a state retail beer permit.

On 21 February 1967 Judge Olive heard the case on the pleadings and a certified record of the administrative proceedings. On the same date he entered judgment in which he found that the findings by respondent and the decision based thereon were supported by competent, material and substantial evidence, and affirmed respondent's decision. Petitioner gave notice of appeal in open court on 21 February 1967. The court allowed petitioner 60 days in which to serve its case on appeal and allowed respondent or Attorney General 30 days thereafter in which to serve counter case. The appeal was docketed in this Court on 13 May 1968.

*Attorney General Bruton and Staff Attorney Denson for the State, Respondent.*

*Bencini & Wyatt and Fisher & Fisher for Petitioner.*

PER CURIAM.

Under the rules of this Court this appeal must have been docketed by 10 o'clock A.M. on 3 October 1967. Rule 5, Rules of Practice in the Supreme Court, 254 N.C. 785.

In the case of *Owens v. Boling,* 274 N.C. 374, 163 S.E. 2d 396, this Court stated:

"Counsel may not waive the rules of this Court. *In re Suggs,* 238 N.C. 413, 78 S.E. 2d 157; *Jones v. Jones,* 232 N.C. 518, 61 S.E. 2d 335; *State v. Butner,* 185 N.C. 731, 117 S.E. 163. Consequently, it was beyond the authority of the attorneys to bypass a term. *Mimms v. R. R.,* 183 N.C. 436, 111 S.E. 778. 'The rules of practice in the Supreme Court are mandatory, not directory, and must be uniformly enforced. . . . Neither the judges, nor the solicitors, nor the attorneys, nor the parties have any right to ignore or dispense with the rules requiring such

docketing within the time prescribed. . . . If the rules are not observed the Court may *ex mero motu* dismiss the appeal.' *Stone v. Ledbetter,* 191 N.C. 777, 779, 133 S.E. 162, 163. In *Kernodle v. Boney,* 260 N.C. 774, 133 S.E. 2d 697, the defendant-appellant's delay in docketing carried the case beyond the Spring Term at which it should have been heard. This Court, *ex mero motu,* dismissed that appeal. . . ."

Here, delay in docketing was such that the case was carried not only beyond the Fall Term 1967, at which it should have been heard, but was carried beyond the Spring Term 1968.

The appeal is dismissed, *ex mero motu,* for failure to docket within the time fixed by the Rules.

Appeal dismissed.