ROBERT E. HARRIS EVANGELISTIC ASSOCIATION, INC. v. BOARD OF TAX SUPERVISION FOR BUNCOMBE COUNTY; EDWARD H. Mc-ELRATH, CHAIRMAN AND TAX SUPERVISOR; JOE G. ADAMS, MEMBER, AND SAM L. IRVIN, MEMBER

No. 6828SC414

(Filed 15 January 1969)

**Appeal and Error § 39—　failure to docket record on appeal in apt time**

Where the record on appeal was docketed in the Court of Appeals 125 days after the date of the judgment appealed from, and the trial court did not extend the time for docketing the record on appeal, the appeal is dismissed by the Court of Appeals *ex mero motu* for failure to docket within the time prescribed by Rule 5.

APPEAL by defendant from *McLean, J.,* May 1968 Civil Session of BUNCOMBE Superior Court.

Plaintiff, a nonprofit religious and charitable organization incorporated under the laws of North Carolina, filed its complaint on 21 July 1967 seeking a determination that its real property located in Biltmore Ward, Buncombe County, North Carolina, on which it conducts a nursing home, be adjudged tax exempt for *ad valorem* tax purposes and that the defendant Board of Tax Supervision for Buncombe County be restrained from listing said property as taxable property upon the tax records of Buncombe County for the year 1967 and years following. Plaintiff alleged that in 1966, upon plaintiff's application and following receipt by the Board of an advisory opinion from the Attorney General of North Carolina, the defendant Board had granted plaintiff's property tax exempt status, but that on 7 June 1967 plaintiff had received a notice from defendant Board, without any prior notice or hearing, that plaintiff's property had been placed on the tax records for 1967 as taxable property.

Defendant demurred on the grounds that the court lacked jurisdiction in that plaintiff had not followed the remedy set forth in Chapter 105 of the General Statutes. The demurrer was overruled.

Defendant then filed answer and the parties stipulated that the action might be tried by the judge without a jury. After hearing, the trial court entered judgment making findings of fact and concluding as a matter of law that plaintiff is a nonprofit eleemosynary religious association; that plaintiff's land has located thereon a rest home or nursing home used entirely for charitable purposes; that plaintiff's nursing home is not conducted for profit nor is a profit realized from the operation of said home; and that the assessment and imposition of real property tax against the plaintiff's land was illegal and invalid. In accord with these conclusions the court entered judgment declaring plaintiff's land tax exempt for purposes of assessment and collection of Buncombe County *ad valorem* taxes and restraining the defendant Board from listing said property on the tax scrolls of said county as taxable property for 1967 and future periods. From this judgment defendant gave notice of appeal, assigning errors.

*Gudger & Erwin, by James P. Erwin, Jr., for plaintiff appellee.*
*Peter L. Roda for defendant appellant.*

PARKER, J.

The judgment here appealed from was entered 17 May 1968. The record on appeal was docketed in this Court on 19 September 1968, 125 days after the date of the judgment appealed from. Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within ninety days after the date of the judgment appealed from the case may be dismissed under Rule 17; provided the trial tribunal may, for good cause, extend the time not exceeding sixty days. In the record before us there is no order extending the time for docketing the record on appeal. Accordingly, the appeal in this case should be and is dismissed, *ex mero motu,* for failure to docket within the time fixed by the Rules. Rule 48 of the Rules of Practice of this Court; *Carter v. Board of Alcoholic Control,* 274 N.C. 484, 164 S.E. 2d 1; *Kelly v. Washington,* 3 N.C. App. 362, 164 S.E. 2d 634 (filed 31 December 1968); *Williams v. Williams,* 1 N.C. App. 446, 161 S.E. 2d 757.

Nevertheless, since this case involved a matter concerning the public tax revenues, we have carefully reviewed the entire record and the briefs of the parties and defendant has shown no prejudicial error.

Appeal dismissed.

BROCK and BRITT, JJ., concur.