IN THE MATTER OF: THE CUSTODY OF LINDA GAIL BURCHETTE AND PHYLLIS ANN BURCHETTE

No. 6921SC1

(Filed 5 February 1969)

**1. Appeal and Error § 39— appeal not aptly docketed**

Appeal is subject to dismissal for failure to docket the record on appeal within the time allowed by Rule 5. Court of Appeals Rule No. 48.

**2. Appeal and Error § 44— failure to file brief**

Appellant's assignments of error are deemed abandoned where appellant files no brief. Court of Appeals Rule No. 48.

**3. Appeal and Error § 44— stenographic transcript — failure to file appendix to brief**

Where appellant filed with the Court of Appeals the stenographic transcript of the hearing but filed no brief, the appeal is subject to dismissal for failure to comply with Rule 19(d)(2) with respect to an appendix to the brief. Court of Appeals Rule No. 48.

**4. Habeas Corpus § 4; Infants §§ 1, 9— review of habeas corpus hearing for custody of child**

Because the courts have the duty to give children subject to their jurisdiction such oversight and control as will be conducive to the welfare of the children and to the best interests of the State, the Court of Appeals reviewed the entire habeas corpus hearing and determined that the order appealed from leaving custody of two minor children in their foster parents and refusing to award custody to their natural mother serves the best interests of the children and the State.

Appeal by Vera Burchette Van Hoy (the mother of Linda Gail and Phyllis Ann) from *Johnston, J.,* 12 February 1968 Schedule B Session, Forsyth Superior Court.

On 4 January 1957, the custody of the two abovenamed children was assumed by the Forsyth County Welfare Department because their mother, the appellant, was sentenced to prison on 4 January 1957; and because at that time the whereabouts of the father, Ira

C. Burchette, was unknown. On 7 January 1957 the Forsyth County welfare Department located the father who, on 11 January 1957, signed an agreement for the placement of the children by the Welfare Department. The children were thereupon placed in foster homes where they have resided until the present. Linda Gail Burchette is fifteen years of age, and Phyllis Ann Burchette is twelve years of age, both having lived the last eleven years of their lives with their foster parents, Mr. and Mrs. J. S. Thomason.

The mother, Vera Burchette Van Hoy, was released prison in May, 1957. She and the father, Ira C. Burchette, were divorced in 1959, and thereafter she married James Van Hoy, with whom she is now living in Richmond, Virginia.

On 13 September 1963, Ira C. Burchette, the father, filed an application in Forsyth County Superior Court for the issuance of a writ of *habeas corpus* to obtain custody of the children. By order dated 11 October 1963, the two children were to remain in the home of Mr. and Mrs. J. S. Thomason.

On 8 November 1967, Vera Burchette Van Hoy, the mother, filed a petition in Forsyth County Superior Court for the issuance of a writ of *habeas corpus* to obtain custody of the children. After hearing upon return to the writ Judge Johnston entered an order dated 19 February 1968 in which he found the following:

"That Linda Gail Burchette is fifteen years of age and Phyllis Ann Burchette is twelve years of age, and that these children were placed in the care of the Forsyth County Welfare Department on January 11, 1957, upon voluntary agreement signed by Ira C. Burchette, father of the children; and that during the month of January, 1957, the children were placed in the home of Mr. and Mrs. J. S. Thomason and that the children have remained in the home of Mr. and Mrs. Thomason since January, 1957; that the children indicated under oath and in open court that they have seen their mother no more than three or four occasions, and have never had an opportunity to acquaint themselves with their natural mother; that neither the mother nor father have contributed anything to the support of these children and that they have never received presents, cards, acknowledgment of birthdays from the natural parents; that the foster parents of these children are of excellent character and the home life of these children has been happy, stable, and cheerful; that the said children have become attached to the foster parents and consider them as their own parents in that Phyllis Ann, age 12, has lived eleven

of the twelve years, and Linda Gail Burchette, age 15, has lived eleven of the fifteen years with the foster parents, attending the same school and same friends as long as they can remember; that upon examination of the minor children by the court and by counsel, the girls indicated their desire to continue to live in the home of their foster parents, and indicated fear and apprehension as to moving to the home of the petitioner; that both Linda Gail and Phyllis Ann Burchette are doing well in their school work and that two older sisters who are now residing with the petitioner have discontinued their education, and further that the home of the petitioner and her husband is a home of limited means, in that Mr. Van Hoy is physically disabled; and that it is for the best interest of said minor children that they remain in the home and custody of Mr. and Mrs. J. S. Thomason."

Judge Johnston thereafter ordered "that Linda Gail Burchette and Phyllis Ann Burchette shall remain wards of this court for their own protection, and that custody of the two minor children be awarded Mr. and Mrs. J. S. Thomason."

Vera Burchette Van Hoy, the mother, appealed.

*Craige, Brawley, Horton & Graham, by Cowles Lüpfert, for Vera Burchette Van Hoy, appellant.*

*The Legal Aid Society of Forsyth County, by Hosea V. Price, for Linda Gail Burchette and Phyllis Ann Burchette.*

BROCK, J.

**[1]** The order appealed from is dated 19 February 1968, and the record on appeal should have been docketed in this Court on or before 19 May 1968. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. However, in accordance with Rule 5, appellant, on 17 May 1968, obtained an order from the trial tribunal extending the time to 3 June 1968 within which the record on appeal might be docketed. Nevertheless, appellant did not docket the record on appeal in this Court until 31 July 1968, and for failure to docket on time this appeal is subject to dismissal. Rule 48, Rules of Practice, *supra.*

**[2, 3]** In addition to failure to docket on time, appellant has filed no brief and therefore the assignments of error are deemed to be abandoned. Rule 28, Rules of Practice, *supra.* Pursuant to Rule 19(d)(2), appellant filed in this Court the stenographic transcript

of the hearing, but by failure to file a brief appellant has failed to comply with Rule 19(d)(2) with respect to an appendix to her brief and the appeal is further subject to dismissal. Rule 48, Rules of Practice, *supra*.

[4]    However, because the duty is constant upon the courts to give to children subject to their jurisdiction such oversight and control as will be conducive to the welfare of the child and to the best interests of the State, G.S. 110-21; *In Re Morris*, 225 N.C. 48, 33 S.E. 2d 243, we have reviewed the entire history of these children and the entire proceeding before Judge Johnston. In our opinion the order appealed from serves the best interests of the two minor children and serves the best interests of the State.

Appeal dismissed.

CAMPBELL and MORRIS, JJ., concur.