STATE OF NORTH CAROLINA v. JOHN FRANKLIN CLINE

No. 6919SC100

(Filed 26 February 1969)

**Criminal Law § 155— failure to aptly docket record on appeal**

Appeal is dismissed for failure to docket the record on appeal within the time prescribed by Rule 5 of the Rules of Practice in the Court of Appeals.

APPEAL by defendant from *Exum, J.,* September 1968 Session of Superior Court of ROWAN.

Defendant was charged with driving a motor vehicle on a street or highway while under the influence of intoxicating liquor in violation of G.S. 20-138. From judgment entered on a jury verdict of guilty as charged, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Robert M. Davis for defendant appellant.*

MORRIS, J.

The record filed in this Court indicates that this action originated in the County Court of Salisbury, but the record is silent as to the disposition of the matter in that court. However, the Attorney General filed a motion suggesting diminution of the record to include in the record a true copy of the docket of that court showing that the defendant was found guilty and appealed to the Superior Court. We allowed this motion, thus curing this defect.

The record is also silent as to the date of the signing of the judgment and the date of its entry as required by Rule 19(a) of Rules of Practice in the Court of Appeals of North Carolina.

We, therefore, use the date of the beginning of the Session for purposes of computing time for docketing. The Session began on 9 September 1968. The appeal was not docketed in this Court until 19 December 1968. This is not within the time prescribed by our rules. Rule 5, Rules of Practice in the Court of Appeals of North Carolina.

We note also that although appellant states in the record that the evidence is submitted under Rule 19(d)(2), there is no appendix to his brief.

For failure to docket the record on appeal within the time required, the appeal is dismissed.

Appeal dismissed.

CAMPBELL and BROCK, JJ., concur.