JULIUS ROSS v. FLOSSIE SAMPSON
No. 6914SC111

(Filed 2 April 1969)

**1. Appeal and Error § 39— time for docketing appeal — dismissal of appeal**

Where record on appeal was not docketed in the Court of Appeals within ninety days from date of signing of the judgment, and appellant did not procure an extension of time in which to docket the appeal, the appeal is subject to dismissal. Rules of Practice in the Court of Appeals Nos. 5 and 48.

**2. Appeal and Error § 39— time for docketing appeal — extension of time**

Authority of trial court to extend, for good cause, the time for docketing the record on appeal in the Court of Appeals cannot be accomplished by an order allowing appellant additional time to serve his case on appeal upon the appellee.

**3. Appeal and Error § 39— time for docketing appeal — rule relating to call of the district**

Provision of Court of Appeals Rule No. 5 requiring that record on appeal must be docketed at least twenty-eight days before the call of the

district to which the case belongs in order to be heard at the next ensuing call of the district does not abrogate requirement that record on appeal be docketed within ninety days of signing of judgment.

**4. Trusts § 19— action to establish constructive trust — sufficiency of evidence**

In an action to establish a constructive trust, plaintiff's case is properly submitted to the jury where there is evidence that (1) plaintiff and femme defendant lived together without benefit of clergy for eighteen years, (2) plaintiff gave all of his earnings to defendant who in turn purchased rental properties with the earnings, (3) there was an agreement between them that the properties thus acquired would be owned one-half by each, and (4) plaintiff, who was unable to read, and after being forced to leave home by defendant, learned for the first time that the properties were in the name of defendant alone.

APPEAL by defendant from *Clark, J.,* 9 September 1968, Civil Session, DURHAM County Superior Court.

Julius Ross (plaintiff) commenced this civil action on 8 January 1968 against Flossie Sampson (defendant) for the purpose of imposing a trust on several parcels of real estate situated in Durham County, North Carolina. The plaintiff alleged in his complaint that he and the defendant lived together without benefit of clergy for a period of some eighteen years; during this period of time he contributed all of his earnings to the defendant; the defendant purchased the properties in question with these earnings and with the rentals from houses located thereon; there was an understanding and agreement between them that the properties thus acquired would be owned one-half by each; he could neither read nor write; during 1963 the defendant grew tired of the plaintiff and forced him to leave home; and he thereafter learned for the first time that the properties were in the name of the defendant alone and not in their joint names.

The jury answered the issues submitted to it as follows:

"I. Is the plaintiff the owner under a trust in his favor held by the defendant of a one-half (½) undivided interest in the lands described in the Complaint, as follows:

A. The Park Lane property (described in the Complaint in paragraph 7(a))?

ANSWER: Yes.

B. The Jackson Street property (described in the Complaint in paragraphs 7(b) and (d))?

ANSWER: Yes.

C. The McLaurin Avenue property (described in the Complaint in paragraph 7(c))?

ANSWER: Yes."

Upon this verdict and a stipulation of the parties as to the amount of certain indebtedness on the properties, the trial court entered a judgment under date of 19 September 1968. It was adjudged that the plaintiff was the owner of a one-half undivided interest in specifically described properties, which the defendant, as trustee, held in trust for the benefit of the plaintiff, and that the plaintiff and defendant were tenants in common of these properties, each owning a one-half undivided interest therein. The defendant objected and excepted to this judgment and appealed to this Court.

*Brooks & Brooks by Eugene C. Brooks, III, for plaintiff appellee.*

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson, II, for defendant appellant.*

Campbell, J.

[1] The judgment appealed from was signed by Judge Clark and filed on 19 September 1968. The record on appeal was docketed by the defendant in this Court on 2 January 1969. Ninety days from the date of this judgment expired on 18 December 1968. The defendant did not procure an extension of time in which to docket the record on appeal. Therefore, this appeal may be dismissed under Rule 48 of the Rules of Practice in the Court of Appeals for failure to comply with Rule 5.

[2] On 23 December 1968 the plaintiff duly filed a motion in accordance with Rule 17 to docket and dismiss the appeal for failure to comply with Rule 5. The defendant filed an answer to this motion. In support of the contention that the motion should be denied, counsel for the defendant relies upon an order procured from Judge Clark which extended the time for serving the case on appeal upon the plaintiff. However, counsel for the defendant has confused the time allowed for serving a case on appeal with the time allowed for docketing a record on appeal in this Court. As pointed out by the following language of Brock, J., in *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547, the two time periods are entirely different.

> "The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, *supra,* and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settlement of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed under Rule 5. The trial tribunal,

upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal."

**[3]**    Counsel for the defendant also relies upon the fact that Rule 5 provides:

"In order for an appeal to stand for hearing at any call of any session of this Court, the record on appeal must be docketed at least twenty-eight days before the call of the district to which the case belongs, and if so docketed, shall be heard at the next ensuing call of the district, unless for cause it is continued."

However, this twenty-eight day rule is a separate and distinct rule, which does not abrogate the ninety day requirement. It applies only after the ninety day requirement has been complied with. Therefore, if a record on appeal is properly docketed under this ninety day requirement and if it is "docketed at least twenty-eight days before the call of the district to which the case belongs", it will be heard in this Court at the next ensuing call of that district. If a record on appeal is properly docketed, but it is docketed within twenty-eight days of "the call of the district to which the case belongs", it will be heard in this Court at the second call of that district after the date of docketing.

**[4]**    Despite the failure of the defendant to comply with the Rules of Practice and the motion filed by the plaintiff, we have nevertheless considered the errors assigned by the defendant. First, we hold that upon the evidence presented by the plaintiff, he was entitled to have the case submitted to the jury.

"It is well established in this jurisdiction that upon motion to nonsuit, the plaintiff's evidence is taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence, and defendant's evidence which tends to impeach or contradict plaintiff's evidence is not considered. It is elementary that discrepancies and contradictions even in plaintiff's evidence are matters for the jury and not the judge." *Williams v. Hall,* 1 N.C. App. 508, 162 S.E. 2d 84.

Second, we hold that, in the absence of any objection or tender of other issues by the defendant, the issues submitted to the jury were

sufficient to enable the jury to make a factual determination. Third, we hold that the charge of the trial court, when considered in its entirety, did not contain any error prejudicial to the defendant.

Affirmed.

BRITT and MORRIS, JJ., concur.