STATE OF NORTH CAROLINA v. RILEY LEE ELLISOR
No. 6914SC179

(Filed 30 April 1969)

Criminal Law §§ 155.5, 157— failure to aptly docket record on appeal and to include charge in record

Appeal is dismissed for failure to docket the record on appeal within the time prescribed by Rule 5 and for failure to include the charge in the record on appeal when exception is taken thereto as required by Rule 19(a). Court of Appeals Rule No. 48.

APPEAL by defendant from *Clark, J.,* 28 October 1968 Criminal Session of the Superior Court of DURHAM.

The defendant was charged in two separate bills of indictment with forgery and uttering a forged document. The charges were consolidated for trial, and the defendant entered a plea of not guilty. The jury found the defendant not guilty on the charges of forgery and guilty of the two charges of uttering a forged instrument. From judgment entered on the jury verdict, defendant appeals.

---

STATE *v.* WILLIAMS

---

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney I. B. Hudson, Jr., for the State.*

*Bryant, Lipton, Bryant & Battle by James B. Maxwell for defendant appellant.*

MORRIS, J.

Judgment in this action was signed and entered on 1 November 1968. The record on appeal was not docketed in this Court until 10 February 1969. "Rule 5, Rules of Practice in the Court of Appeals of North Carolina, requires that the record on appeal be docketed within ninety days after the date of the judgment unless an extension of time shall have been granted by the trial tribunal. The record before us does not contain an order extending the time within which to docket." *Osborne v. Hendrix,* 4 N.C. App. 114, 165 S.E. 2d 674.

Rule 19(a), Rules of Practice in the Court of Appeals of North Carolina, requires that the record on appeal shall contain "The pleadings on which the case was tried, the issues, and the order, judgment, decree, or determination appealed from shall be included in the record on appeal in all cases, and the charge of the Court where there is exception thereto." Although defendant has excepted to portions of the charge and has argued these exceptions in his brief, the charge is not included in the record before us.

We have, nevertheless, carefully examined the questions raised by the defendant in his brief, most of which are evidentiary, and find no prejudicial error.

For failure to comply with the rules of this Court, the appeal is dismissed. Rule 48, Rules of Practice in the Court of Appeals of North Carolina.

MALLARD, C.J., and CAMPBELL, J., concur.