CHARLES P. MICHAELS, ADMINISTRATOR OF THE ESTATE OF GERALD D. MICHAELS v. TERRY EUGENE CARSON AND TUX BOWERS MOTOR COMPANY, INC.

No. 6925SC212

(Filed 30 April 1969)

1. **Appeal and Error § 6; Trial § 55— order setting aside verdict — review of nonsuit question**

An appellate court will not review the trial court's denial of defendant's motions for nonsuit when the trial court has set aside the verdict in defendant's favor as being against the greater weight of the evidence, since the case remains on the civil issue docket for trial *de novo* unaffected by rulings made during the trial.

**2. Appeal and Error § 54;  Trial § 48— motion to set aside verdict — appellate review**

The action of the trial court in setting aside a verdict as against the greater weight of the evidence is not subject to review on appeal in the absence of an abuse of discretion.

**3. Trial § 51— order setting aside verdict — necessity for findings of fact**

The trial court need not make findings of fact to support an order setting aside the verdict as against the greater weight of the evidence.

APPEAL by defendant Terry Eugene Carson from *Anglin, J.,* October 1968 Regular Civil Session, BURKE County Superior Court.

Charles P. Michaels (plaintiff) instituted this wrongful death action in his representative capacity as administrator for the estate of Gerald D. Michaels (deceased) against Terry Eugene Carson (Carson) and Tux Bowers Motor Company, Inc. (Company). The plaintiff alleged in his complaint that Carson, a minor, was employed by Company; at approximately 9:00 p.m. on 25 October 1966, Carson was operating a 1961 Oldsmobile owned by Company within the course and scope of his employment as the agent, servant and employee of Company and with the express or implied consent of Company; Carson was operating this automobile in a westerly direction on Main Street in Old Fort, North Carolina; deceased was riding as a guest passenger in the right front seat; at the time in question, the weather was misty and rainy and the highway was wet; Carson was operating the automobile at a high rate of speed, without keeping a careful and proper lookout and without keeping the automobile under proper and reasonable control; he was driving at a speed greater than reasonable and prudent under existing conditions; the automobile failed to make a southerly curve and continued in a straight line striking a tree located to the right of the highway; and deceased was thereby mortally injured. Deceased died on 28 October 1966.

Downie Woodrow Carson was appointed guardian *ad litem* for Carson, his minor son.

In his answer, Carson denied operating the automobile at a high rate of speed, without keeping a careful and proper lookout and without keeping the automobile under proper and reasonable control. He denied driving at a speed greater than reasonable and prudent under existing conditions. As a further answer, Carson alleged that as he approached the curve in question, he met another automobile which was proceeding in an easterly direction; this second automo-

bile had its headlights burning on bright; Carson dimmed his head-lights; the driver of the second automobile, whose identity is un-known, failed to dim his headlights, thereby momentarily blinding Carson; Carson, who was faced with a sudden emergency, attempted to continue operating in a westerly direction; however, Carson ran off the right side of the highway, colliding with a tree. Carson al-leged that the sole and proximate cause of the accident was the failure of the driver of the second automobile to dim its headlights. As an alternative, Carson alleged that, even if he was negligent, de-ceased was contributorily negligent because deceased and Clara Elizabeth McKinney (Clara), Carson's girlfriend, were engaging in conduct which was calculated to and which did in fact distract and divert the attention of Carson and because deceased made no ob-jection to the manner in which Carson was operating the vehicle.

In its answer, Company denied that Carson was operating the automobile within the course and scope of his employment as the agent, servant and employee of Company or with the express or implied consent of Company. During the trial the plaintiff submitted to a voluntary nonsuit as to Company.

The plaintiff introduced evidence which tended to show that, on 25 October 1966, three boys and three girls, all teenagers, were rid-ing in the automobile; Lindy Epley (Epley) was dating Barbara Lewis; Carson was dating Clara; deceased was dating June Efler, who was taken home about five minutes prior to the accident; Epley was driving at that time; Carson, Clara and deceased were riding in the back seat; deceased put his arm around the shoulders of Clara, but nothing was said by Carson about such conduct; approximately one-half mile from the scene of the accident, Epley stated that he did not want to drive anymore because he was dat-ing; the automobile was stopped and the five occupants got out in order to change seats; while outside, deceased kissed Clara in the presence of Carson; Clara responded to and appreciated this atten-tion; although Carson appeared to be somewhat mad, there were no angry words exchanged; Carson started driving at that point; Clara was seated between Carson and deceased in the front seat; when he departed, Carson "took off fast and kept going fast" and the "car spun"; he was driving approximately 50 to 65 miles per hour; after the automobile slid the first time, Epley pushed Barbara Lewis down in the floor of the back seat and he fell over in the seat for protec-tion; the weather was rainy and misty and the road was wet; de-ceased, who was two years older than Carson and taller and heavier than Carson, made no comment about the manner in which the auto-

mobile was being operated; and deceased did not ask Carson to stop in order that he could get out.

Carson, an adverse witness for the plaintiff, testified that, as he approached the curve in question, he saw a curve warning sign, but he did not see the Old Fort city limit sign or the 35 miles per hour speed limit sign. He further testified that he dimmed his headlights when a second automobile approached him from the east, but the driver of the second automobile failed to dim his headlights, thereby momentarily blinding him.

Highway Patrolman A. W. Rector, a witness for the plaintiff, testified that the accident occurred about 9:00 p.m. on 25 October 1966 at a slight southerly curve on Highway 70, which is Main Street in Old Fort; the curve is located within the city limits of Old Fort at a point where the posted speed limit is 35 miles per hour; the automobile was heavily damaged on the right side, as the result of striking a tree located on the northern shoulder of Main Street; from the tree to the street is a distance of approximately four feet; there were continuous tire marks from the automobile back to this tree, a distance of 106 feet, 8 inches; the marks then continued back from the tree in an easterly direction for an additional 86 feet, 6 inches.

At the conclusion of the plaintiff's evidence, Carson made a motion for judgment of involuntary nonsuit, which was denied. Carson offered no evidence and rested. His motion for judgment of involuntary nonsuit was then renewed and again denied. After the jury found Carson negligent and deceased contributorily negligent, the plaintiff made a motion to set the verdict aside as contrary to the greater weight of the evidence. The trial judge thereupon entered the following order:

> "The Court, in its discretion, orders and adjudges that the verdict of the jury be and hereby is set aside as being contrary to the greater weight of the evidence, and that the case remain on the civil issue docket for trial de novo."

Carson excepted and appealed to this Court.

*Byrd, Byrd & Ervin by John W. Ervin, Jr., and Robert B. Byrd for plaintiff appellee.*

*Patrick, Harper and Dixon by Charles D. Dixon for Terry Eugene Carson, defendant appellant.*

CAMPBELL, J.

**[1]**     Carson assigns as error the refusal of the trial judge to allow his motion for judgment of involuntary nonsuit entered at the conclusion of the plaintiff's evidence and renewed at the conclusion of all the evidence. In his brief, it is frankly admitted that ordinarily an appellate court will not review the trial judge's denial of such a motion when the verdict has been set aside as against the greater weight of the evidence. In *Goldston v. Wright,* 257 N.C. 279, 125 S.E. 2d 462, the Supreme Court stated:

> "Defendant assigns as error the denial by the trial court of his motion for a judgment of involuntary nonsuit made at the close of plaintiff's evidence; defendant offered no evidence. This question is not presented. When the trial court, in its discretion, set aside the verdict, and ordered a new trial, the case remained on the civil issue docket for trial *de novo,* unaffected by rulings made therein during the trial. . . . Defendant, in respect to the denial of his motion for a judgment of involuntary nonsuit, has nothing to appeal from, for the very simple reason that in this respect there is neither a final judgment nor any interlocutory order of the superior court affecting his rights."

This assignment of error is overruled.

**[2]**     Carson next assigns as error the granting by the trial judge of the plaintiff's motion to set aside the verdict as contrary to the greater weight of the evidence. It is argued that "the Trial Judge exceeded the legitimate bounds of his discretion." In *Edwards v. Phifer,* 120 N.C. 405, 27 S.E. 79, the Supreme Court stated:

> "No principle is more fully settled than that this court will not interfere with the discretion of a trial judge in setting aside the verdict as being against the weight of evidence. . . . The rule has been well laid down . . . as follows: 'The defendant had a verdict and the Judge set it aside and granted a new trial, because, in his opinion, it was against the weight of the evidence. The defendant appealed, and the only question is, can we review his Honor's order? We have so often said that we cannot that it is a matter of some surprise that we should have the question presented again. . . . [W]hen [the trial judge] is of the opinion that, considering the number of the witnesses, their intelligence, their opportunity of knowing the truth, their character, their behavior, on the examination and all the circumstances on both sides, the weight of the evidence is clearly on one side, how is it practicable for us to review it unless we had the same advantages? And even if we had, we cannot try

facts.' In many cases, setting aside the verdict is the only way in which substantial justice can be done, and in any event no irreparable harm can ensue, as a new trial is the result."

In *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676, the Supreme Court stated:

"It is within the power of the trial judge in the exercise of his sound discretion to set aside a jury verdict, in whole or in part. . . . A verdict is a solemn act of a jury, and it should not be set aside without mature consideration; but the power of the court to set aside a verdict as a matter of discretion has always been inherent and is necessary to the proper administration of justice. . . .

. . .

We have held repeatedly since 1820 in case after case, and no principle is more fully settled in this jurisdiction, that the action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion."

[3] In granting the plaintiff's motion, it was not necessary for the trial judge to find the facts to support his order. *Bird v. Bradburn,* 131 N.C. 488, 42 S.E. 936.

"The record in this case discloses no abuse of discretion on the part of the trial judge; hence, the order setting aside the verdict in this case is not subject to review on appeal." *City of Randleman v. Hudson,* 2 N.C. App. 404, 163 S.E. 2d 77.

This assignment of error is overruled.

Affirmed.

BROCK and MORRIS, JJ., concur.