RAYVON R. LAWS v. LAWRENCE PALMER, JR.

No. 6925DC24

(Filed 30 April 1969)

**Appeal and Error § 39—   failure to docket record on appeal in apt time**

Where record on appeal was not docketed in the Court of Appeals within 90 days from date of judgment appealed from and no order was entered extending the time for docketing, the Court of Appeals *ex mero motu* will dismiss the appeal for failure to comply with the Rules. Court of Appeals Rules Nos. 5 and 48.

APPEAL by plaintiff from *Snyder, J.*, at the 5 August 1968 Regular Civil Session of the District Court of CALDWELL County.

Plaintiff filed a complaint on 20 July 1967. On 16 August 1967 defendant demurred. The demurrer was sustained on 12 March 1968, and plaintiff was allowed fifteen days "to serve amended complaint." The plaintiff had theretofore on 28 August 1967 filed an amended complaint which was served on 26 March 1968. Plaintiff's amended complaint, filed after the time for answering had expired, reads as follows:

"1.   That the plaintiff is a resident of Caldwell County.

2.   That the defendant is a resident of Caldwell County.

3.   That the defendant has in his possession certain machinery consisting of a tractor, a Bush Hog, 1 Set Rippers, a Disc Harrow, a terracing blade, one set of bottom plows and small tools and attachments for the tractor, etc., of the value of Twelve Hundred Dollars, ($1200.00), the property of plaintiff. Plaintiff is entitled to immediate possession of the same, but defendant refuses on demand to deliver the same to plaintiff.

4.   That defendant has wrongfully and unlawfully kept posses-

LAWS *v.* PALMER

sion of the property mentioned above for some time and has thereby deprived the plaintiff of possession of use of said property to his great damage in the sum of One Hundred Dollars ($100.00).

WHEREFORE, plaintiff prays judgment against defendant for the recovery of the possession of the property above described and for the sum of One Hundred ($100.00) Dollars, together with the costs of this action and for interest."

At the close of plaintiff's evidence upon motion of the defendant, judgment of nonsuit was allowed and entered on 9 August 1968. Plaintiff excepted, assigned error, and gave notice of appeal.

*L. H. Wall for plaintiff appellant.*

*No brief and no Counsel for defendant in this Court.*

MALLARD, C.J.

This case was tried and judgment entered under date of 9 August 1968. The record on appeal was not docketed in the Court of Appeals within the time permitted under Rule 5 of the Rules of Practice in the Court of Appeals. The ninety days allowed in Rule 5 for docketing the record on appeal in this case expired on Thursday, 7 November 1968. The record on appeal was not docketed until 11 November 1968. No order was entered extending the time in which to docket the record on appeal. Under Rule 48, the case is subject to dismissal and should be and is dismissed by this Court *ex mero motu* for failure to comply with the rules.

However, we have also reviewed the record before us and find no prejudicial error. We think the judgment of the District Court is correct.

Appeal dismissed.

BRITT and PARKER, JJ., concur.