JAMES WILLIAM YOUNG v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

No. 6911SC472

(Filed 22 October 1969)

**Appeal and Error § 39— failure to docket record on appeal in apt time**

Where the record on appeal was docketed in the Court of Appeals after the expiration of the time within which the appeal could be docketed

in· compliance with Rule 5, and there was no order extending the time .for docketing, the Court of Appeals *ex mero motu* will dismiss the appeal for failure to comply with the Rules. Court of Appeals Rules Nos. 5 and 48.

APPEAL by plaintiff from *Hobgood, J.,* March 1969 Civil Session of JOHNSTON County Superior Court.

The plaintiff appeals from an order of Judge Hobgood denying his motion to set aside and declare void a final judgment in this cause entered by Judge Bailey at the 5 March 1966 Session of the Superior Court of Johnston County. The final judgment which the plaintiff now seeks to have declared void was affirmed by the Supreme Court. *Young v. Insurance Co.,* 267 N.C. 339, 148 S.E. 2d 226. The Supreme Court had previously considered other aspects of this same controversy. *Moore v. Young,* 263 N.C. 483, 139 S.E. 2d 704; *Moore v. Young,* 260 N.C. 654, 133 S.E. 2d 510.

*Bryan, Jones & Johnson by Robert C. Bryan and Mac Hunter for plaintiff appellant.*

*Smith, Leach, Anderson & Dorsett by Willis Smith, Jr., for defendant appellee.*

GRAHAM, J.

The order appealed from was entered 5 May 1969. The record on appeal was docketed in this court 15 August 1969 which was after the expiration of the time within which the appeal could be docketed· in compliance with Rule 5, Rules of Practice in the Court of Appeals of North Carolina. In the record before us there is no order extending the time for docketing the record on appeal. Rule 48, Rules of Practice, *supra,* provides: "If these rules are not complied with, the appeal may be dismissed." The practice of this court has been to dismiss appeals for failure to docket the record on appeal within the time prescribed by Rule 5. *Laws v. Palmer,* 4 N.C. App. 510, 167 S.E. 2d 49; *Coffey v. Vanderbloemen,* 4 N.C. App. 504, 167 S.E. 2d 36; *State v. Ellisor,* 4 N.C. App. 514, 167 S.E. 2d 35; *Simmons v. Edwards,* 3 N.C. App. 591, 165 S.E. 2d 345; *In re Custody of Burchette,* 3 N.C. App. 575, 165 S.E. 2d 564; *Evangelistic Assoc. v. Bd. of Tax Supervision,* 3 N.C. App. 479, 165 S.E. 2d 67; *Kelly v. Washington,* 3 N.C. App. 362, 164 S.E. 2d 634. Accordingly, the appeal in this case should be and is dismissed, *ex mero motu,* for failure· to docket within the time fixed by Rule 5.

We have nevertheless carefully considered the contentions of the plaintiff as set forth in his brief. In our opinion the order of Judge

Hobgood was properly entered, no good cause having been shown as to why the final judgment should be set aside and declared void.

Appeal dismissed.

CAMPBELL and PARKER, JJ., concur.