ANGIE D. REECE v. ERNEST V. REECE, JR.

No. 6926DC517

(Filed 19 November 1969)

**1. Appeal and Error § 39— failure to docket record on appeal in apt time — order extending time for serving case on appeal**

    Appeal is subject to dismissal *ex mero motu* for failure to docket the record on appeal within 90 days from the date of the judgment appealed from as required by Rule 5, where appellant obtained no order from the trial court extending the time within which to docket the record on appeal but only secured an order extending the time to serve his case on appeal upon the appellee. Court of Appeals Rule No. 5.

**2. Appeal and Error § 54; Trial § 48— setting aside verdict — appellate review**

    Action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion.

**3. Appeal and Error § 6; Trial § 55— order setting verdict aside — review of nonsuit question**

    Defendant's exception to the failure of the trial court to grant his motion for nonsuit presents no question for consideration on appeal where the trial court set aside a verdict in defendant's favor as being against the greater weight of the evidence, since the case remains on the civil issue docket for trial *de novo* unaffected by the ruling of which defendant complains.

APPEAL by defendant from *Abernathy, District Judge,* 19 May 1969 Session, MECKLENBURG District Court.

This appeal is from an Order entered 5 June 1969 following a trial conducted at the 19 May 1969 Session.

Plaintiff instituted this action on 4 February 1966 seeking an award *pendente lite,* and permanently, of alimony without divorce, custody, child support, and counsel fees under the provisions of G.S. 50-16. As grounds for relief she alleged, in her original and amended complaint, adultery by defendant and conduct of defendant which rendered her condition intolerable and her life burdensome. Defendant denied the material allegations of the complaint, and alleged condonation by plaintiff.

In trial on the merits before a jury both parties offered evidence tending to support their contentions. Issues were submitted to and answered by the jury as follows:

    "1. Were the plaintiff and the defendant married to each other as alleged in the complaint?

    "ANSWER: Yes.

"2. Did the defendant commit adultery as alleged in the complaint?

"ANSWER: Yes.

"3. Did the defendant without adequate provocation offer such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome as alleged in the complaint?

"ANSWER: No.

"4. Did the plaintiff condone the acts and conduct of the defendant as alleged in the answer?

"ANSWER: Yes."

Upon the jury rendering its verdict plaintiff moved to set the verdict aside as being against the greater weight of the evidence. Order was entered 5 June 1969 setting the verdict aside and ordering a new trial. Defendant appealed.

*William G. Robinson for plaintiff appellee.*

*Robert F. Rush for defendant appellant.*

BROCK, J.

[1] Defendant appealed from an order dated and entered 5 June 1969. Therefore, to docket the record on appeal in this Court within ninety days as provided by our Rules, it was necessary for defendant to docket the record on appeal on or before 3 September 1969; unless he obtained an order from the trial tribunal extending the time within which to docket his record on appeal, not to exceed an additional sixty days. Rule 5, Rules of Practice in the Court of Appeals of North Carolina. The record on appeal in this case was docketed 17 September 1969, fourteen days later than allowed by our Rules. The record shows no order from the trial tribunal extending the time to docket the record on appeal. We find only that defendant secured an order extending the time to serve his case on appeal upon the plaintiff.

We reiterate once again what we said in *Smith v. Starnes,* 1 N.C. App. 192, at pp. 194, 195; 160 S.E. 2d 547:

"The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, *supra,* and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settle-

ment of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed under Rule 5. The trial tribunal, upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal."

[2, 3]    For failure to timely docket the record on appeal this appeal is subject to dismissal *ex mero motu;* however, we have considered appellant's two assignments of error and find them to be without merit. The action of the trial judge in setting aside a verdict in his discretion is not subject to review on appeal in the absence of an abuse of discretion. *Goldston v. Chambers,* 272 N.C. 53, 157 S.E. 2d 676. The record in this case does not disclose an abuse of discretion by the trial judge. Defendant's exception to the failure of the trial judge to grant his motion for nonsuit presents no question for consideration. The verdict having been set aside and a new trial ordered, the case remains on the civil issue docket for trial *de novo,* unaffected by the ruling of which defendant seeks to complain. *Michaels v. Carson,* 4 N.C. App. 417, 166 S.E. 2d 845.

Appeal dismissed.

BRITT and VAUGHN, JJ., concur.