STATE OF NORTH CAROLINA v. HOWARD RAY FULK AND ASHBORNE EUGENE JOHNSON

No. 6920SC491

(Filed 17. December 1969)

**Criminal Law § 155.5—   failure to docket record on appeal in apt time**

Appeal is dismissed by the Court of Appeals *ex mero motu* where the record on appeal was docketed more than 90 days after the date of judgment appealed from and the record contains no order extending the time for docketing the record on appeal, an order allowing defendant additional time within which to prepare and serve the case on appeal being insufficient to extend the time for docketing the record on appeal. Rules of the Court of Appeals Nos. 5 and 48.

APPEAL by defendants from *Beal, S.J.,* at the 5 May 1969 Session of UNION Superior Court.

By indictment proper in form, defendant Fulk was charged with breaking and entering, larceny and receiving. He pled not guilty and the case was submitted to the jury on charges of breaking and entering and larceny. The jury found him guilty of the charges submitted and from active prison sentences imposed, he appealed.

Defendant Johnson was charged with possession of burglary tools in violation of G.S. 14-55. The jury found him guilty as charged and from active prison sentence imposed, he appealed.

*Attorney General Robert Morgan and Trial Attorney Charles M. Hensey for the State.*

*Bobby H. Griffin for defendant appellants.*

BRITT, J.

Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina requires that the record on appeal be docketed in this Court within ninety days after the date of the judgment, order, decree, or determination appealed from; provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days, for docketing the record on appeal. Rule 48 provides that if the rules of this Court are not complied with, the appeal may be dismissed. *Coffey v. Vanderbloemen,* 4 N.C. App. 504, 167 S.E. 2d 36.

Judgments were entered in these cases on 8 May 1969 and the record on appeal was docketed in this Court on 26 August 1969, 109 days after the entry of judgments. The record contains no order extending the time for docketing the record on appeal. Although orders were entered on 20 June 1969 allowing the defendants additional time within which to prepare and serve their cases on appeal, no order provides for additional time within which to docket the case on appeal.

In *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547, this Court, speaking through Brock, J., said:

"The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, *supra,* and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settle-

ment of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed under Rule 5. The trial tribunal, upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal."

For failure of the defendants to comply with the rules, this Court, *ex mero motu,* dismisses the appeals of both defendants. *Coffey v. Vanderbloemen, supra; Kelly v. Washington,* 3 N.C. App. 362, 164 S.E. 2d 634. Nevertheless, we have carefully reviewed the record, with particular reference to the assignments of error brought forward and discussed in defendants' brief, but find no prejudicial error. The defendants were afforded a fair trial and the sentences imposed are within the limits allowed by the statutes.

Appeal dismissed.

BROCK and VAUGHN, JJ., concur.