STATE OF NORTH CAROLINA v. KENNETH BRIGMAN

No. 7020SC196

(Filed 27 May 1970)

**1. Criminal Law § 155.5— dismissal of appeal — failure to docket on time**

Appeal is dismissed by the Court of Appeals *ex mero motu* for defendant's failure to docket the record on appeal within the time allowed by Rule 5. Rule of Practice No. 48.

**2. Criminal Law § 155.5— extension of time of docketing record**

An order extending the time for defendant to serve his case on appeal does not extend the time for docketing the record on appeal.

APPEAL by defendant from *Crissman, J.,* 9 October 1969 Session of RICHMOND Superior Court.

By indictment proper in form, defendant was charged with unlawfully, wilfully and feloniously abusing and carnally knowing one Kathryn Ann Tilly, a female child over twelve and under sixteen years of age who had never before had sexual intercourse with any person, defendant being a male person over eighteen years of age at the time of the alleged offense.

At trial defendant pleaded not guilty, the jury found him guilty as charged, and from judgment imposing an active prison sentence of from three to four years defendant appealed, assigning error.

*Attorney General Robert Morgan and Assistant Attorney General Henry T. Rosser for the State.*

*Joseph G. Davis, Jr. for defendant appellant.*

BRITT, J.

[1] The judgment appealed from was entered on 9 October 1969. The record on appeal was docketed in this Court on 3 February 1970 which was after the expiration of the time within which the appeal could be docketed in compliance with Rule 5, Rules of Practice in the Court of Appeals of North Carolina. Under Rule 5 the record on appeal must be filed within 90 days after the date of the judgment, order, decree or determination appealed from unless the trial tribunal, for good cause, extends the time not exceeding 60 days. Rule 48, Rules of Practice, *supra,* provides that if the rules are not complied with, the appeal may be dismissed. The practice of this Court has been to dismiss appeals for failure to docket the record on appeal within the time prescribed by Rule 5. *Umphlett v. Bush,*

7 N.C. App. 72, 171 S.E. 2d 80; *Young v. Insurance Co.*, 6 N.C. App. 443, 170 S.E. 2d 90; *State v. Cline*, 4 N.C. App. 112, 165 S.E. 2d 691; *Coffey v. Vanderbloemen*, 4 N.C. App. 504, 167 S.E. 2d 36; *Laws v. Palmer*, 4 N.C. App. 510, 167 S.E. 2d 49; *State v. Ellisor*, 4 N.C. App. 514, 167 S.E. 2d 35; *Simmons v. Edwards*, 3 N.C. App. 591, 165 S.E. 2d 345; *In re Custody of Burchette*, 3 N.C. App. 575, 165 S.E. 2d 564; *Evangelistic Assoc. v. Bd. of Tax Supervision*, 3 N.C. App. 479, 165 S.E. 2d 67; *Kelly v. Washington*, 3 N.C. App. 362, 164 S.E. 2d 634; *Smith v. Starnes*, 1 N.C. App. 192, 160 S.E. 2d 547.

[2]    The record discloses an order extending the time for defendant to serve his case on appeal. We repeat once again what we said in *Smith v. Starnes, supra,* and quoted in *Reece v. Reece,* 6 N.C. App. 606, 170 S.E. 2d 546:

> "The time for docketing the record on appeal in the Court of Appeals is determined by Rule 5, *supra,* and should not be confused with the time allowed for serving case on appeal and the time allowed for serving countercase or exceptions. The case on appeal, and the countercase or exceptions, and the settlement of case on appeal by the trial tribunal must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed under Rule 5. The trial tribunal, upon motion by appellant, and upon a finding of *good cause* therefor, may enter an order extending the time *for docketing the record on appeal* in the Court of Appeals not exceeding a period of 60 days beyond the 90 days provided by Rule 5. However, this cannot be accomplished by an order allowing additional time to serve case on appeal."

[1]    For failure to timely docket the record on appeal, this appeal is dismissed *ex mero motu.* Nevertheless, we have carefully reviewed the record on appeal, with particular reference to the questions raised and discussed in defendant's brief, and find that the trial was free from prejudicial error and the judgment imposed was well within the limits provided by statute.

Appeal dismissed.

BROCK and HEDRICK, JJ., concur.