STATE OF NORTH CAROLINA v. SHIRLEY PEEK

No. 7419SC541

(Filed 3 July 1974)

1. **Criminal Law § 155.5— docketing appeal — extension of time**

   An order of the trial tribunal extending the time to serve the case on appeal does not have the effect of extending the time to docket the appeal.

2. **Criminal Law § 155.5— record on appeal — failure to docket in apt time**

   For failure of defendant to docket the record on appeal within 90 days after the date of the judgment appealed from, defendant's appeal is dismissed.

3. **Constitutional Law § 30— denial of free transcript to indigent — alternative devices available**

   The trial court did not err in failing to order that defendant, an indigent, be provided with a free transcript of the testimony presented at her first trial, since alternative devices that would fulfill the same functions were available to defendant.

APPEAL by defendant from *Winner, Judge,* 7 January 1974 Session of Superior Court held in CABARRUS County.

By warrant proper in form, defendant was charged with making a false report concerning a destructive device, a violation of G.S. 14-69.1. She was found guilty in district court and appealed to superior court where she was tried *de novo* during the week of 12 November 1973. The jury was unable to agree upon a verdict and on 16 November 1973, the presiding judge withdrew a juror and declared a mistrial.

The case was called for retrial at the 7 January 1974 session. Defendant pleaded not guilty, a jury found her guilty as charged, and from judgment imposing prison sentence of 30 days, she appealed.

State v. Peek

*Attorney General Robert Morgan, by Associate Attorney Jerry J. Rutledge, for the State.*

*Grant & Grant, by Phillip G. Carroll, for defendant appellant.*

BRITT, Judge.

The judgment appealed from was entered on 11 January 1974 but the record on appeal was not docketed in this court until 10 May 1974. Rule 5 of the Rules of Practice in the Court of Appeals of North Carolina requires that the record on appeal be docketed within 90 days after the date of the judgment appealed from, unless the trial tribunal, for good cause, extends the time for docketing for not more than 60 days.

[1] Very soon after this court became operational, it held that an order of the trial tribunal extending the time to serve the case on appeal does not have the effect of extending the time to docket the appeal. *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547 (1968). The court has restated the principle in many cases including the following: *State v. Brigman,* 8 N.C. App. 316, 174 S.E. 2d 48 (1970) ; *State v. Fulk,* 7 N.C. App. 68, 171 S.E. 2d 81 (1969) ; *Reece v. Reece,* 6 N.C. App. 606, 170 S.E. 2d 546 (1969) ; *Ross v. Sampson,* 4 N.C. App. 270, 166 S.E. 2d 499 (1969) ; and *State v. Farrell,* 3 N.C. App. 196, 164 S.E. 2d 388 (1968).

[2] For failure of defendant to comply with the rules of this court, the appeal is dismissed.

[3] Nevertheless, we have considered the questions raised in defendant's brief but find them to be without merit. The principal question is whether the trial court erred in not ordering that defendant, an indigent, be provided with a free transcript of the testimony presented at her first trial. We find that alternative devices that would fulfill the same functions as a transcript were available to defendant, therefore, the trial court did not err in denying defendant's request. *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed. 2d 400 (1971) ; *State v. Miller,* 15 N.C. App. 610, 190 S.E. 2d 722 (1972), cert. den. 282 N.C. 154, 191 S.E. 2d 603 (1972), and 282 N.C. 429, 193 S.E. 2d 744 (1972).

Appeal dismissed.

Judges CAMPBELL and PARKER concur.